## S. S. McDOWELL v. O. S. GIBSON.

### No. 9949.

RES JUDICATA—*judgment on merits in one of two replevin actions by mortgagee against sheriff holding under several attachments, creditors not substituted, bars remaining action.* Where a person claims the whole of a stock of merchandise by virtue of a chattel mortgage executed to him by the owner, and different portions of such stock are taken from him in separate actions by different attaching creditors of the mortgagor, and he in turn brings separate replevin actions against the attaching officer to recover the different portions of the stock, and the officer defends such replevin actions in his official right, without the joinder of the attaching creditors, *held*, that a final judgment against the mortgagee, on the merits, in the action first tried, is a bar to his prosecution of the others.

Error from Cowley District Court. Hon. M. G. Troup, Judge. Opinion filed November 6, 1897. *Affirmed.*

*Chas. L. Brown*, for plaintiff in error.

*C. T. Atkinson*, for defendant in error.

DOSTER, C. J.    E. L. McDowell executed to S. S.
McDowell, the plaintiff in error, a chattel mortgage
upon the whole of his stock of jewelry.    The First
National Bank of Cleveland, Ohio, a creditor of E. L.
McDowell, procured the levy of an attachment upon
a portion of the mortgaged property.    The writ was
issued to O. S. Gibson, the defendant in error, as
sheriff, and was executed by him.    Soon thereafter,
R. E. Burdick, another creditor of E. L. McDowell,
procured the issuance of another attachment, and its
levy upon the remainder of the stock of jewelry.    The
writ in this case was likewise issued to and executed
by the defendant in error, O. S. Gibson, as sheriff.
Two replevin actions were thereafter instituted by
S. S. McDowell against O. S. Gibson; one to recover
from him the portion of the stock attached at the suit
of the First National Bank, the other, to recover the
portion attached at the suit of Burdick.    In both
cases the plaintiff claimed in virtue solely of the chat-
tel mortgage held by him.    In the one brought to
recover the portion of the stock attached by the bank,
a trial upon the merits was had, resulting in a final
judgment in favor of the defendant, Gibson.    The
case brought to recover the portion of the stock at-
tached by Burdick is the one now for consideration.
In the court below, the defendant Gibson pleaded the
former judgment rendered in his favor in the action
to recover the other portion of the jewelry stock, in
bar of the suit to recover the remainder.    The court
held such former judgment to be conclusive in the
latter action ; and the sole question for consideration
is whether such is the law.

It is said that to sustain a plea of *res judicata* there
must be a concurrence of four conditions : "*First,* iden-
tity in the thing sued for ; *second,* identity of the cause

of action ; *third,* identity of persons and parties to the action ; *fourth,* identity of the quality in the persons for or against whom the claim is made." *A. T. & S. F. Rld. Co. v. Comm'rs of Jefferson Co.,* 12 Kan. 127 ; *Benz v. Hines,* 3 id. 390. While the above is the usual form of statement of the law upon the subject, to the writer's mind, that of the Supreme Court of the United States is preferable, because dispensing with unnecessary and sometimes misleading subdivisions. According to the view of that court, the requisites to a judgment estoppel are : *First,* that the court have jurisdiction ; *second,* that it be between the same parties ; *third,* that it be for the same purpose. *Aspden v. Nixon,* 4 How. 467–497. In Massachusetts, to ascertain whether a judgment is a bar, the courts inquire : *First,* whether the subject-matter in controversy has been brought within the issues of a former proceeding, and has terminated in a judgment on the merits ; *second,* whether the former suit was between the same parties, in the same right or capacity, or their privies claiming under them. *Bigelow v. Winsor,* 1 Gray, 299, 302. Mr. Justice Brewer, who, in *A. T. & S. F. Rld. Co. v. Comm'rs of Jefferson Co.,* supra, had noted the several parts of a judgment estoppel, in the later case of *Smith v. Auld* (31 Kan. 266) reduced the separable conditions of the estoppel to a point quite near unity, when he remarked : "The whole philosophy of the doctrine of *res adjudicata* is summed up in the simple statement that a matter once decided is finally decided ; and all the learning that has been bestowed and all the rules that have been laid down, have been for the purpose of enforcing that one proposition."

The plaintiff in error, adhering to the refinements of distinction drawn in the cases of *Benz v. Hines* and *A. T. & S. F. Rld. Co. v. Comm'rs of Jefferson Co.,* supra, contends that the two conditions of identity of subject-

matter and of parties to the action fail in this case; the first, because the articles of jewelry sued for were not the same in the one case as in the other; the second, because the bank in one case and Burdick in the other were the real parties in interest, and Gibson, the sheriff, only the nominal defendant. The distinctions drawn by him do not take the case out of the doctrine of estoppel by former judgment. When a legal proceeding requires the determination of the same general question as that involved in a former action and judgment between the same parties, the former judgment is conclusive of all the matters litigated therein. The things sued for in the two replevin cases were not identical, it is true; but the subject-matter of the action in both cases was the mortgage claim of plaintiff in error. In a proper sense, as related to the question of *res judicata*, the subject-matter of the actions was, not the specific and separable articles of jewelry attached, but the validity of the plaintiff's mortgage claim as against the defendant's attachment claim.

Nor is the view that the two cases lack identity of parties the correct one. In both actions, Gibson, and he alone, was sued. While he held the disputed property by virtue of attachments, he held it in his official right. The law gave to him the right to defend his possession. He controlled the defenses to the actions and was responsible for any judgments that might have been rendered against him. The attaching creditors made no application to be let in to defend, nor did either of the parties ask to have them made defendants. Gibson was, therefore, not only the actual but the real defendant in each instance. The case is identical with that of *Hoisington v. Brakey* ( 31 Kan. 560 ), in which it was held:

" In an action against a sheriff for the recovery of

property taken under an execution and replevied by the plaintiff in such action, the sheriff is not only the actual but the real party defendant where the judgment-creditor makes no application to be made defendant and is not substituted as the defendant.

"Where the court has full jurisdiction of the parties and the subject of two actions of replevin for the recovery of certain animals, and the parties are identical, and the evidence to support both cases is the same and the defense the same and the issues in the actions are precisely alike, except that the petitions refer to different animals, a judgment in the first case is conclusive between the parties not only as to that case, but also as to the second."

The judgment of the court below will, therefore, be affirmed.