No. 35,763

EMMA STEPHENSON, Administratrix of the Estate of Huldah Stephenson, Deceased, *Appellant*, v. GEORGE STEPHENSON, ERNISTINE ALTER, CARL STEPHENSON, MILDRED STEPHENSON, BIRDIE MASON and MAMIE WAGNER, *Appellees*.

(134 P. 2d 397)

Opinion filed March 6, 1943.

*Joe T. Rogers* and *Roy L. Rogers*, both of Wichita, were on the briefs for the appellant.

No appearance was made for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is an appeal from an order of the district court dismissing an appeal by an administratrix from an order of the probate court.

For the purpose of this appeal there is no dispute as to the facts. It seems that Huldah Stephenson was an elderly woman and owned a quarter section of land and some other property. One day she gave a deed to this land to her two daughters, Emma Stephenson and Mildred Stephenson. The consideration for the conveyance was a promise of Emma and Mildred to care for their mother during her lifetime and at her death give her suitable burial. This deed was duly recorded. Sometime thereafter Huldah Stephenson died intestate, leaving surviving her certain heirs in addition to the daughters, Mildred and Emma. Emma was appointed administratrix of her estate. She filed her inventory showing a personal estate of approximately $10,000. The real estate mentioned was not listed. Amongst other assets listed were certain notes which the Noble Mortgage Company of Wichita owed Huldah in the amount of $9,000. The administratrix proceeded to administer the estate and during the

course of it made a partial distribution of the funds and was allowed $500 as a fee. Amongst other things she entered into a contract with the Noble Mortgage Company for a partial collection of the notes and a refunding of the balance due on them. Finally she filed a final accounting in which she set out in detail the personal property that had come into her hands, the disposition that had been made of it and the payments that had been made to heirs and the total amount on hand. She prayed to have the final account approved and to be empowered to distribute the proceeds.

Some of the heirs filed exceptions to this final accounting. In some of these items the objectors charged that the property had been sold for more than the amount for which the administratrix said it had been sold. Also, there were certain items that had to do with the payments received from the A. A. A. program on the farm which has been mentioned here, the payment for wheat harvested on the farm, the expenditures for hospital bills and doctor's bill for the deceased and for the taxes on the farm. The court overruled all of these objections except as to the hospital bill, the doctor's bill, the taxes on the farm, the rent received from the farm and the parity payments. The court also ordered the administratrix to make certain payments to the heirs, including herself, and that she cause certain checks on the Noble Mortgage Company to be made to the heirs and to herself. The court provided further in the order that upon proof being made that these checks had been made the administratrix would be discharged and her bond would be canceled.

The administratrix appealed from this order of the probate court. The other heirs moved to dismiss the appeal. When this motion came on to be heard it appeared that Emma Stephenson had complied with part of the order from which she attempted to appeal by having made to the heirs the distribution which the order had directed her to make. It also appeared that she had accepted the benefits of the order by paying herself the sum of money which the order had directed her to do and by delivering to herself the certificate of stock, as directed in the order. The motion to dismiss the appeal was upon the above grounds. The lower court dismissed it. The administratrix has appealed to this court. She urges that the order was an appealable one because it was an order refusing to allow part of an account of a fiduciary.

She realizes the force of the rule discussed in *Hyland v. Hogue*, 131 Kan. 512, 292 Pac. 750, to the effect that where a party has a cause

of action consisting of several items and upon trial judgment is awarded in his favor on one of them but against him as to the other items, he cannot accept the amount allowed in his favor and then perfect an appeal as to the remainder of the items. She argues, however, that the present situation is an exception to the above rule because the judgment as to each one of the items from which she seeks to appeal was separate and distinct from the other items. We are unable to follow her in this argument. The result of the litigation as to all of the items would have been reflected in the amount which the probate court ordered distributed to her. When she accepted the payment of this amount to herself individually she acquiesced in the entire judgment. All of the items were part of the same general transaction.

Following the rule laid down in *Hyland v. Hogue*, supra, and the authorities cited and discussed therein, we hold that the appeal from the probate court to the district court in this case was properly dismissed.

The judgment of the lower court is affirmed.