Nos. 36,162 and 36,245

THE WHEELER KELLY HAGNY TRUST COMPANY, Trustee, *Appellee*, v. ELLIS & SINGLETON BUILDING COMPANY, *Appellee*, RUSSELL MOORE, Intervenor, *Appellant.*

(153 P. 2d 930)

Opinion filed December 9, 1944.

*Austin M. Cowan*, of Wichita, argued the cause, and *W. A. Kahrs* and *Robert H. Nelson*, both of Wichita, were on the briefs for the intervenor appellants.

*Homer V. Gooing*, of Wichita, argued the cause, and *Howard T. Fleeson*, *Paul R. Kitch*, *Wayne Coulson* and *Manford Holly*, all of Wichita, were on the briefs for appellee Wheeler Kelly Hagny Trust Co.

The opinion of the court was delivered by

HARVEY, J.: This was an action to foreclose a mortgage upon a leasehold estate. The appeal involves the rights of the lessors. The

pertinent facts are not controverted here and may be stated as follows: On March 1, 1929, Susan P. Moore, Charles M. Sidle and Margaret Louise Rudolph each owned adjoining lots, which together aggregated a frontage of 100 feet on Lawrence avenue, now Broadway, in the city of Wichita. On that date each of them executed a long-term lease, the Moore lease for 99 years, each of the others for 50 years, to The Ellis & Singleton Building Company, a Kansas corporation, hereinafter referred to as the Building company. By the terms of these instruments the Building company was to erect upon the combined property a garage and office building at a cost and actual value of as much as $250,000, was to pay stated rentals to each of the lessors monthly over the term of the lease, pay the taxes upon the property, and to keep the improvements thereon insured. Each of the leases contained a provision in substance that if the Building company defaulted in the making of these payments the lessor, at his or her option, could give the Building company sixty days' notice of its desire to cancel the lease if the payments were not made, and if the default were not cured within that time that the lease should be cancelled and the lessor should retain all improvements placed upon the real property.

The Building company went into possession of the property upon the execution of the leases and constructed thereon a building of the type contemplated at a cost of approximately $327,700. A part of the money for the construction of this building was procured by the sale of bonds executed by the Building company aggregating $175,000, payable serially, and secured by a trust deed to the Wheeler Kelly Hagny Trust Company, a corporation, trustee. By 1936 the Building company was having difficulty keeping up the payments due on its bonds and the rentals due the lessors. There was an adjustment with the bondholders, with which we are not concerned here. The Building company made agreements with each of the lessors whereby the latter accepted certain sums in satisfaction of accrued and unpaid installments, conditioned upon the Building company's subsequent full performance of the terms or conditions of the leases, and providing that in default of such full performance the amounts conditionally waived should become payable, with interest at six percent, from January 1, 1937. The amounts so conditionally waived were, by Sidle $3,917.50, by Rudolph $3,427.80, and by Moore $1,135.94.

On June 21, 1943, the Building company defaulted in the pay-

ment of the last half of the taxes for 1942, and on July 1, 1943, it defaulted in the payment of rents due at that date as to each of the lessors. The Building company also made default in the payment of its rent to the lessors on August 1 and on September 1, 1943. On June 22 Susan P. Moore served notice upon the Building company and the trustee under the deed of trust by which she declared her intention to forfeit the rights of all parties by reason of the default at the end of the sixty-day period. On August 5, 1943, similar notices were served on behalf of Rudolph and Sidle. The defaults were not made good within the sixty-day period. On August 25, 1943, Susan P. Moore assigned all of her rights and interest against the Building company and the Trust company to her son, Russell Moore, and on the same date Charles M. Sidle and Margaret Louise Rudolph executed similar assignments to Russell Moore. On August 31, 1943, Russell Moore paid the defaulted 1942 taxes, amounting to $4,131.63.

The Trust company brought this action on September 13, 1943, naming as the sole defendant the Building company. The action was predicated upon the defaults of the Building company in failing to pay the last half of the 1942 taxes and in its failure to pay the sums due the lessors under their respective leases for the months of July, August and September, 1943. The purpose of the action was to have determined the amount due the bondholders and to foreclose the trust deed upon the leasehold interest and estate of the Building company and sell the same to pay the sum due under the trust deed.

On September 24, 1943, Russell Moore, as assignee of said Charles M. Sidle, Margaret Louise Rudolph and Susan P. Moore, applied for leave to intervene, which was granted. In due time he filed an intervening petition in which he set up copies of the various leases, notices of cancellation of the same, alleged noncompliance by the lessee, and asked for possession of the premises, and also asked for the recovery of rent due.

Upon issues joined the trial court on May 18, 1944, made findings, which included the matters above stated, and rendered judgment for plaintiff: (1) Against the Building company in the sum of $133,395.79 and costs, and that the deed of trust be foreclosed on the interest of the defendant, if any, on the property described in the leases to the Building company, and that the interest of the defendant in such property be sold to pay the judgment, and that de-

fendant's right to redeem be limited to 90 days from the date of such sale; (2) that the intervenor, Russell Moore, is entitled to the possession of the premises in controversy, and that neither the defendant nor plaintiff possesses any right, title or interest thereto; (3) that the intervenor, Russell Moore, is entitled to all the rents and profits from the building, less actual expenses of operation, which were detailed and to judgment against plaintiff and defendant for his costs and for taxes advanced by him, due June 20, 1943; (4) "that as a matter of right and fairness, the defendant, Building company and the plaintiff are allowed thirty days from May 18, 1944, to make all back payments due, including taxes and the costs and upon doing so, to have the leases reinstated." · ·

On June 17 the Building company appeared in open court and announced it desired to avail itself of the privilege accorded to it in paragraph No. 4 of the court's judgment and decree of May 18, 1944, to reinstate its lease contract, and asked that the paragraph be clarified as to just what was to be paid. Counsel for intervenor joined in that request. On June 17, 1944, the court, after hearing the argument of counsel, ruled that the lease contracts might be reinstated on or before June 19, 1944, by defendant by paying to the clerk for the use of the intervenor all unpaid rents under the lease contract for the months of July, 1943, to June, 1944, in a sum stated, and the amount of the taxes for the last half of 1942 advanced by the intervenor in the sum of $4,131.63, with interest, and by payment of the first half of the 1943 taxes on the property and the costs of the action, and held:

"It is further ordered that payment of the rent items conditionally waived by the agreements of January 1, 1937, between the landowners and the defendant, is not required to effect such reinstatement.

"Thereupon in open court the intervenor moved for judgment in his favor and against the defendant for the conditionally waived rent items aforesaid."

The court reserved ruling until after the expiration of the time allowed for reinstatement. On June 20, 1944, the parties appeared before the court for its ruling. Whereupon the court found and determined that the defendant had reinstated its lease contract by making the payments stated in its judgment of June 17 and "further ordered that the intervenor's motion for judgment for the rent items conditionally waived by the agreements between the defendant and the landowners, dated January 1, 1937, notwithstanding the defendant's reinstatement of its lease contracts, be and the same is hereby overruled."

The intervenor has taken two appeals, which have been consolidated here. The first, No. 36,162, can be disposed of briefly. Plaintiff's petition asked the appointment of a receiver and stated facts justifying such an order. A receiver was appointed and took charge of the property pending the action. On October 12, 1943, the intervenor filed a motion to discharge the receiver and for an order turning the property over to him upon the ground, broadly stated, that the appointment was improvidently made and that in view of the defaults of the Building company neither the plaintiff nor the defendant in the action had any further right or interest in the property. This motion was heard and overruled on December 28, 1943, and the intervenor appealed from that ruling. While the strict interpretation of the lease contracts would have justified such an order, there were large property interests involved, both of the Building company and of its creditors. At the time of this ruling there had been no hearing upon the merits, and if the intervenor was finally treated equitably we think he has no serious reason to complain of this ruling. Furthermore, appellant is not pressing this appeal if his other appeal is sustained.

The second appeal was taken from the decision and order of the court on June 17, 1944, which refused to require plaintiff and defendant, or either of them, to pay interest on defaulted rents from July 1, 1943, to June 1, 1944, in order to reinstate the lease agreement, and which refused to require plaintiff and defendant, or either of them, to pay deferred rental payments in accordance with the contracts between defendant and the lessors, and from the orders of the court entered on June 20 and 22 overruling the intervenor's motion for judgment against the defendant for deferred rentals under the agreement between defendant and the landlords, dated December 31, 1936, and from other orders made on or after June 1 which were adverse to the intervenor.

We are first confronted with appellee's motion to dismiss this appeal upon the ground that the orders here complained of are but clarifications of paragraph 4 of the judgment and decree of the court of May 18, from which no appeal was taken. We think this point is not well taken. By that paragraph of the decree of May 18 the Building company and the plaintiff were allowed thirty days from May 18, 1944, *"to make all back payments due, including taxes and the costs,"* and upon doing so to have the leases reinstated. The language here used was broad enough to include the deferred rent

payments. That being favorable to the intervenor he had no occasion to appeal therefrom. The order of June 17 and the subsequent order of June 20 authorized the reinstatement of the leases without making "all back payments due." Indeed, it specifically provided that the deferred rents need not be paid as a condition of reinstating the leases. June 17 was the first time that order had been made. It was a new and a different judgment from that contained in paragraph 4 of the decree and order of May 18, 1944. The motion to dismiss the appeal in this court must be overruled.

On the appeal in No. 36,245 appellant contends (1) that when the trial court reinstated the leases, in addition to the requirements made, it should have required defendant to pay into court for the benefit of the intervenor interest on the monthly payments upon the leases for the months from July, 1943, to June, 1944, inclusive; and (2) that it should have required the payment of the rents conditionally waived by the contract of December 31, 1936, with interest as provided therein. We think appellant is correct on both points. The Building company had no legal right under its leases to have them reinstated after default and proper notices of forfeiture. Notwithstanding that, it is not seriously contended that the trial court, sitting as a court of equity, as it was, did not have authority to reinstate the leases, but in doing so we think it should not have reinstated them in a manner to the detriment of the lessors, represented in this action by the intervenor. We reach this conclusion in part from the fact that it is clear from the record that default made in the payment of the taxes in June, 1943, and of the rents due the lessors on July 1, August 1 and September 1, 1943, were made by choice, as distinct from necessity. The evidence disclosed and the court specifically found that when this action was brought on September 13, 1943, there were funds on hand more than sufficient to pay the defaulted items. So it is clear from the record that either the plaintiff trustee or the defendant Building company, or both of them, defaulted in those payments when it was not necessary that it be done, and for some reason of their own, which only inferentially if at all is shown by the record, and concerning which we need not speculate. They should not be permitted to have such defaults operate to the disadvantage of the lessors.

The result is that the judgment of the court below must be reversed with directions to the court to compute the further amount due appellant in harmony with this opinion and to render judgment for the intervenor for the sums found due. It is so ordered.