No. 36,440

THE WHEELER KELLY HAGNY TRUST COMPANY, Trustee, *Appellant,* v. ELLIS SINGLETON BUILDING COMPANY and RUSSELL MOORE, Intervenor, *Appellees.*

(164 P. 2d 143)

Opinion filed December 8, 1945.

Howard T. Fleeson and Homer V. Gooing, both of Wichita, argued the cause, and Paul R. Kitch, Wayne Coulson and Manford Holly, all of Wichita, were on the briefs for the appellant.

Austin M. Cowan, of Wichita, argued the cause, and W. A. Kahrs and Robert H. Nelson, both of Wichita, were on the briefs for the intervenor appellee.

The opinion of the court was delivered by

PARKER, J.: Originally this was an action to foreclose a trust deed on a long term leasehold estate, in which an assignee of the lessors intervened and sought cancellation of the leases and recovery of rents. The lower court foreclosed the trust deed and ordered sale of the lessee's interest, but held the leases should be canceled and the intervenor should recover the rents unless the lessee within a stated time should pay the currently defaulted rents and taxes. Reinstatement of the leases was effected pursuant to the trial court's decree and the lessee's interest was sold to satisfy the foreclosure judgment. On appeal by the intervenor this court held that payment of further sums should have been required as a condition to reinstatement of the leases, reversed the case, and remanded it with instructions to the lower court to render judgment for such further sums.

The present appeal is from a judgment rendered by the lower court in attempting to comply with this court's decision and subsequent mandate.

Aside from what has already been said it will not be necessary to refer to the pleadings, relate the facts, or review the proceedings on which our decision was rendered in the original case. All these are to be found and are succinctly set forth in the opinion in W. K. H. Trust Co. v. Building Co., 159 Kan. 233, 153 P. 2d 930, which can easily be referred to in the event they become of importance.

It is, however, imperative that we relate at some length the sub-

stance of the trial court's final judgment and detail the events, circumstances and conditions leading up to and responsible for its rendition.

Shortly after the mandate in the original case was received by the court below the intervenor filed a motion to have it spread upon the record. Immediately it became apparent that the parties were not in accord as to how judgment should be computed under the decision of this court which had directed payment of rents conditionally waived by three contracts with interest as provided therein. Strangely enough, differences in opinion did not arise as to the principal amounts due under such judgment, but existed because of inability to agree as to whether those principal sums bore interest and, if so, the dates on which it became payable and the date on which liability for its payment ended.

Briefly stated, the points of differences were these: (1) The intervenor insisted that on the rents conditionally waived by each of three contracts of December 31, 1936, to which reference will presently be made, he was entitled to interest from January 1, 1937, at six percent; the plaintiff conceded he was entitled to such interest on one of the contracts but maintained the principal payable by terms of the other two bore interest only from date of their default on July 1, 1943. (2) The intervenor claimed interest on taxes paid by him on August 30, 1943, to the date of final judgment, while the plaintiff insisted that since those taxes had been paid into court on June 19, 1944, in compliance with the lower court's judgment as to reinstatement of the leases, the amount of such taxes ceased to bear interest from that date. (3) The intervenor contended for interest on all amounts, including both current and deferred rentals, to which he was entitled by the judgment until such time as they were paid over to him by the court, while the plaintiff took the position that no interest should be allowed beyond September 18, 1944, the date funds impounded in the hands of the trial court pursuant to its order became more than sufficient to satisfy the intervenor's judgment irrespective of when such impounded funds were paid him.

On May 15, 1945, the trial court determined the controverted issues in line with intervenor's contentions and found that in accordance with the mandate of the supreme court there was due him not only the principal amounts which were conceded by all parties but, also, that interest was due and payable on such amounts as

claimed by him at the rate of six percent up to and including the date of the rendition of its judgment which was then rendered accordingly.

The plaintiff then ·perfected this appeal which is limited in its ·scope to error in the computation and determination of the amounts of interest on rents and taxes due the intervenor, and rendition of judgment for such sums of interest, and the ordering of payment thereof to him out of funds impounded in the hands of the clerk of the district court.

Before proceeding further we are confronted with the question, raised by appellee, that actually the appeal is nothing more than an attempt to have the merits of the original case reconsidered and under our decisions appellant is not entitled to be heard. In support of his contention he cites *Lewis v. Independence Hotels Co.*, 153 Kan. 678, 113 P. 2d 149, and we add, *Robertson v. Labette County Comm'rs*, 124 Kan. 705, 261 Pac. 831, in which decisions *Headley v. Challiss*, 15 Kan. 602, is referred to and approved. In that case we held:

"Where a case has once been submitted and decided, this court will not, as a rule, upon a motion for a rehearing, consider any question not presented upon the original hearing.

"Where a case is brought a second time on error to this court, the first decision will be deemed the settled law of the case, and will not be made a subject of re-examination." (Syl. ¶¶ 1, 2.)

We have no quarrel with the doctrine announced in the decisions just mentioned when applied under facts and circumstances such as existed therein although we are aware it is not always strictly adhered to. (See *Robertson v. Labette County Comm'rs*, supra, and cases cited on page 707.) And, without passing on the question, since its decision is not necessary, it should perhaps be stated the instant case appears to present facts where there is more reason for application of the rule announced in *Henry v. Railway Co.*, 83 Kan. 104, 109 Pac. 1005. There we held:

"If the point, though involved in the record of a first appeal, is not brought to the attention of nor considered by the court, its decision then made does not preclude the consideration and determination of the point when presented on the second appeal." (Syl. ¶ 2.)

The weakness in appellee's position lies not so much in the doctrine he seeks to invoke but in the fact it does not apply here in any event. Without entering into a discussion on the subject of whether it would have been better practice for the parties to have

sought an additional or supplemental mandate when it appeared there was some doubt and confusion as to its requirements, a procedure recognized in this jurisdiction (*Union Central Life Ins. Co. v. Irrigation L & T Co.*, 146 Kan. 545, 73 P. 2d 70), appellant was not obliged to follow that course. Under our statute (G. S. 1935, 60-3330) and our decisions (*Chicago R. I. & P. Rly. Co. v. Nichols*, 133 Kan. 480, 300 Pac. 1064; *Drury v. Drury*, 147 Kan. 202, 75 P. 2d 213) a trial court has no duty to perform except to spread the mandate of record and to proceed to have the judgment of this court carried out. It has no authority to consider other matters not contained in the mandate. Neither does it have power to enter a judgment not authorized by its terms. The mandate here involved directed the trial court "to compute the further amount due appellant in harmony with this opinion and to render judgment." Appellant does not seek a ruling on questions existing in the former record or necessarily involved in our original decision as urged by appellee. He simply contends the trial court failed to render judgment in conformity with that decision and asks that it be required to do so. Under such circumstances a new and independent question is presented for review and a contention such as is made by appellee cannot be sustained.

Nor does the fact no motion for new trial was filed or no other formal objection made to the action taken by the trial court with respect to the mandate alter the situation. This court has held that the date from which a personal obligation should draw interest, presented a question of law and that a motion for new trial was unnecessary to authorize consideration thereof on appeal. (See *Selzer v. Selzer*, 146 Kan. 273, 279, 69 P. 2d 708.) That is all appellant seeks to have determined here. Besides, whether a trial court has complied with the decision and mandate of the appellate court is purely a question of law and our decisions are that a motion for a new trial is never necessary to secure review of such a question. (See *Achenbach v. Baker*, 157 Kan. 292, 139 P. 2d 407 and numerous cases reported in West, Kansas Digest, Appeal and Error, sec. 284.)

We direct our attention now to consideration of the appeal on its merits.

Appellant's first specification of error presents the issue that the trial court erred in awarding interest on the Sidle and Rudolph conditionally waived rentals from the date of the contracts rather than from the date of their default.

At this point it should be stated there were three lessors who for our purposes can be referred to as Moore, Sidle and Rudolph. December 31, 1936, the lessee was in default in payment of rentals. On that date it made agreements with each of the lessors whereby the latter accepted certain sums in satisfaction of accrued and unpaid installments conditioned upon performance of other terms of such contracts. Subsequently, the lessee defaulted in its performance and the appellee here, as assignee of the three lessors' interest, brought suit against the lessee as is stated on page 237 of the opinion in *W. K. H. Trust Co. v. Building Co.,* supra, to require plaintiff (the mortgagee and appellant here) and the defendant lessee "to pay deferred rental payments in accordance with the contracts between defendant and the lessors" and for "judgment against the defendant for deferred rentals under the agreement between the defendant and the landlords, dated December 31, 1936." Of little importance to us are reasons for, or manner of, default. What is important are certain terms and conditions of such agreements.

Pertinent portions of the Sidle contract read:

"(1) Party of the second part agrees to pay party of the first part on or before January 1, 1937, the sum of $2,717.50, *which party of the first part agrees to accept as payment in full of all unpaid rent accumulated pursuant to said contract or modification dated as of March 1, 1934, that is to say, said sum shall be accepted by party of the first part in full satisfaction of the sum of $5,435.00, which is the unpaid accumulated rent pursuant to said contract.*

. . . . . . . . . . . . . .

"(4) This contract is made expressly contingent upon party of the second part's performance of each and all of the terms, covenants and agreements contained in said original lease and this contract and in the event party of the second part shall default in the terms thereof or hereof, then and in such event, party of the first part may, at his election without notice declare this agreement null and void, *in which event, the balance of the deferred unpaid rentals under said contract dated as of March 1, 1934, as herein waived shall become immediately due and payable and the additional rental as herein waived in the amount of $50.00 per month shall likewise become immediately due and payable.*" (Emphasis supplied).

The Rudolph contract so far as points here involved contained similar language except the sum to be paid was $2,377.50, in full satisfaction of the sum of $4,755.60.

Provisions of the Moore contract pertaining to the same matter set out in the quoted portion of the Sidle contract were quite different. They read:

"2. Party of the first part hereby acknowledges receipt of the sum of $1,-801.56, *in consideration of which party of the first part hereby defers the*

*payment of the unpaid rents in the amount of $1,135.94 which have accumulated pursuant to said modification date as of March 1, 1934, until the maturity or end of the term of said ninety-nine year lease,* and in the event lessee, its successors and assigns comply with each and all of the terms and covenants of said lease and of this contract, *then and in such event party of the first part, her heirs, successors and assigns, hereby waive, relinquish and cancel the payment of said accumulated and unpaid rent;* provided, however, that in the event party of the second part, its successors or assigns, as lessee, shall default under the terms or conditions of said lease or this contract, *then the balance of $1,135.94 of said unpaid and accumulated rentals shall at the option of party of the first part, her heirs, successors or assigns, become immediately due and payable without notice, together with interest thereon from January 1, 1937, at the rate of six percent per annum."* (Emphasis supplied.)

We have set out portions of the contracts heretofore quoted, not with the intention of redetermining anything that was before us—and they were—in the original case, but for the purpose of accurately disclosing just what the record was and what we had under consideration at that time, so that ultimately it will be clearly revealed what force and effect we intended should be given our decision which obviously has become a subject of much controversy.

Appellee points to language to be found at page 234 in the opinion of such decision, wherein in relating the facts we inadvertently stated the agreements with the lessors provided that in default of full performance the amounts conditionally waived should become payable with interest at six percent from January 1, 1937, and strenuously argues it conclusively establishes interest was due on all three contracts from such date, notwithstanding two of the contracts contain no language of such character. Not so. Good reasons exist for the slight inaccuracy but we do not have time or space, nor are we required, to go into any detailed explanation regarding it. It suffices to say that in making such statement we were merely relating the factual situation in general terms and not particularizing as to our decision. Heretofore mention has been made of what was said when we reached the point of stating what issues were raised in that appeal. Proceeding further we search the opinion to see what was said when we reached our decision. On page 238 thereof we said:

"On the appeal in No. 36,245 appellant contends . . . (2) that it should have required the payment of the rents conditionally waived by the contract of December 31, 1936, *with interest as provided therein.* We think appellant is correct on both points. . . ." (Emphasis supplied.)

In announcing our conclusion we reversed the judgment and directed the trial court to compute the further amount due appellant (appellee here) in harmony with the opinion. We think a reasonable interpretation of our language required a computation of interest due on the contracts in accordance with the provisions of each such contract but, be that as it may, and without laboring the proposition further, we hold now, as we did then, the terms of the Sidle and Rudolph contracts made no provisions for payment of interest on conditionally waived rentals until such date as appellee exercised his option to declare such agreements null and void. On its occurrence the principal became immediately due and payable and bore interest thereafter. That date, as is undisputed, was July 1, 1943.

In passing we note that appellee in an attempt to avoid such result has devoted a considerable portion of his argument to the proposition that having elected to declare the contracts null and void they were extinguished and abrogated as though they had never been entered into; that the parties were restored to the status which existed prior to the time they were made. We deem his contention so devoid of merit as to be almost frivolous. In the original proceeding he based the causes of action set out in his petition on such contracts; in his brief he argued that they were breached because the rent was not paid as provided therein and that under their expressed terms such rentals had become due, and by our decision we required payment of such rentals by reason of their provisions. Having sought the aid of the lower court and having successfully invoked the assistance of this court in enforcing such contracts he cannot now repudiate them in order to avoid such of their terms as may be to his disadvantage.

Appellant's remaining specifications of error can be considered together. It is first contended the trial court erred in awarding interest on the amount of taxes paid by the intervenor on August 30, 1943, the amount of which was paid into court by it on June 19, 1944. Next it is argued that it was error to allow interest on current and deferred rentals after September 18, 1944, the date on which, pursuant to orders of the trial court, appellant had paid into court a greater amount than was sufficient to pay appellee's judgment. Interest on both taxes and rentals was allowed up to March 15, 1945. On that date the trial court spread the mandate, entered final judgment and appellee's judgment was satisfied.

Neither contention can be sustained. There never was a time, until the mandate was spread of record and the trial court formally rendered final judgment that appellee could have accepted payment of current or deferred rentals or taxes without prejudice to his rights. (*Hyland v. Hogue*, 131 Kan. 512, 292 Pac. 750 and *Stephenson v. Stephenson*, 156 Kan. 520, 134 P. 2d 397.) This he was not required to do. Except for allowance of interest on the Sidle and Rudolph conditionally-waived rentals to the extent herein indicated, the trial court committed no error.

We are not unmindful of appellant's contention—not too strenuously urged—that the matter of interest on taxes paid by appellee was not involved in the former appeal, and hence, that the judgment as rendered by the trial court with respect to reinstatement of the leases, and which he claimed definitely limited the payment of interest on the amount so paid to the date of its payment, remained in force and effect so far as it pertained to taxes after our decision of reversal. We seriously doubt whether such judgment is susceptible of the construction placed upon it. Even so, we do not agree with appellant's position that interest on taxes was not an issue in the appellate proceeding. In the first place, the entire question of what was required to permit reinstatement of the leases there involved was clearly in issue. It included all amounts in controversy including any interest due or to become due thereon. In the next, it is apparent we determined such matters were there proper subjects of appellate review as is evidenced by a statement in our opinion to the effect that the leases should not have been reinstated in manner detrimental to the lessors represented by the intervenor. An appellant is not compelled to specify error on every ruling, decision and judgment included in its notice of appeal (*Marion County Comm'rs v. Clark*, 157 Kan. 132, 138 P. 2d 449). To say that, as is the situation in *W. K. H. Trust Co. v. Building Co.*, supra, a subservient question of the character referred to by appellant, entirely dependent upon decision of one principal issue which has been properly presented for review, must be specified as error would be placing too strict a construction upon our rule that an appellant's abstract shall include a specification of the errors complained of, separately set forth and numbered.

Finally, we note appellant asks judgment for such sum as was paid appellee on March 15, 1945, in excess of what was due the latter under our decision in *W. K. H. Trust Co. v. Building Co.*, supra,

with interest thereon at six percent from that date. This is an equitable proceeding. He who invokes the aid of equity must be prepared to accept its liabilities as well as its benefits. Having received money belonging to appellant to which he was not entitled appellee should be and is required to repay it with interest at the rate of six percent.

The judgment is reversed and the cause remanded with directions to compute the excess interest awarded appellee on both the Sidle and Rudolph leases from January 1, 1937, to July 1, 1943. On ascertainment of its amount the trial court is directed to render judgment against appellee for such sum together with interest thereon at six percent from March 15, 1945. Other awards of interest as made on March 15, 1945, were proper and should not be disturbed.