No. 36,944

Russell Moore, *Appellant*, v. Petroleum Building and The Fourth National Bank in Wichita, *Appellees*.

(187 P. 2d 371)

Opinion filed December 6, 1947.

*Austin M. Cowan*, of Wichita, argued the cause, and *W. A. Kahrs* and *Robert H. Nelson*, both of Wichita, were with him on the briefs for the appellant.

*George Siefkin*, of Wichita, argued the cause, and *Paul H. White, Robert C. Foulston, George B. Powers, Samuel E. Bartlett, Andrew F. Schoeppel, Carl T. Smith, John F. Eberhardt, Stuart R. Carter* and *Thomas E. Woods*, all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Thiele, J.: This was an action to enjoin the delivery of deeds hereafter mentioned and to compel delivery of the deeds to the plaintiff. The trial court sustained defendants' demurrer to the petition and rendered judgment for the defendants and plaintiff appeals to this court.

The present action is one of a series growing out of the leasing of real estate, the erection of a building which was mortgaged, foreclosure of the mortgage and related matters, and opinions determining previous appeals are reported in *W. K. H. Trust Co. v. Building Co.* (Russell Moore, Intervenor), 159 Kan. 233, 153 P. 2d 930, and same title, 160 Kan. 605, 164 P. 2d 143. Hereafter in referring to these opinions we shall note only the volume and page.

Omitting formal allegations the gist of the allegations of the present petition is that defendant Petroleum Building, Inc., is lessee and operator of the Petroleum building, built upon leasehold estates on four described lots on Broadway avenue in Wichita, and that defendant, The Fourth National Bank in Wichita, hereafter called bank, is a national banking institution and the escrow agent referred to in leases next mentioned; that named persons executed

long-time leases to The Ellis & Singleton Building Company, hereafter called building company, copies being attached or referred to and later mentioned; that under the terms of the leases, deeds were to be executed and placed in escrow with bank to be delivered upon the termination of the leases provided the leases were strictly complied with in all of their terms, time and strict performance being the essence of the agreement. In a summary way it may be said the lessors executed deeds to the real estate to be delivered to bank to be held fifty years, the term of the leases, and on January 1, 1979, in the event all the terms and conditions of the leases had been complied with by the lessees, bank was to deliver the deeds.

It is further alleged in the petition that building company, predecessor in interest of Petroleum Building, Inc., defaulted in the terms of the lease agreements by failing on June 21, 1943, to pay the last half of the 1942 taxes, and by failing on July 1, August 1, and September 1, 1943, to pay rents due; that on September 13, 1943, The Wheeler Kelly Hagny Trust Company as trustee under certain mortgages and deeds of trust executed by building company to secure bonds, filed suit to foreclose and to have a receiver appointed because of the defaults of building company; and on August 5, 1943, the original lessors served sixty-day notices of violation of the covenants of the lease agreements upon building company and The Wheeler Kelly Hagny Trust Company as trustee, and that on August 25, 1943, the original lessors assigned and transferred all their interests under the leases to Russell Moore, who subsequently intervened in the above-mentioned foreclosure suit. Moore's intervening petition set up the execution of the original leases made March 1, 1929, with building company as lessee and its obligation to pay rents and taxes; that it had failed in stated particulars; that under the leases the lessor might give sixty-days' notice of failure and if the default was not cured within that period the lease became null and void and the lessor was entitled to the immediate possession of the real estate including the improvements thereon; that such sixty-days' notices were given not only to the lessees but also to The Wheeler Kelly Hagny Trust Company and to bank; that Moore, by assignment and conveyance was the owner of all right, title, interest, remedy and claim of the original lessors who had fully performed under the leases, and was entitled to immediate possession of the premises.

It is further alleged that upon trial of the above action the trial

court found that building company was in default and had not complied with the terms of the leases and that Moore was entitled to possession, "but, as a matter of right and fairness, the. court would allow the said The Ellis & Singleton Building Company and the trustee thirty days from May 18, 1944, to make all back payments due, including taxes and costs, and upon doing so to have the leases reinstated"; that the trial court, in deciding the case denied Moore the right to recover deferred rentals after tender and payment into court by building company within the thirty-day period of the amount specified in the judgment. Then follows allegations of further proceedings resulting in an appeal to the supreme court; that after that appeal was taken, the real estate was, on order of sale, sold to Aladdin Petroleum Corporation, which obtained its title with knowledge of the pendency of the action, and thereafter that company transferred its interest to Petroleum Building, Inc., which also knew that Moore had appealed to the supreme court.

It is further alleged that the appeal was submitted to the supreme court which filed its opinion reversing the trial court, holding that Moore was entitled to the deferred rents and that the alleged reinstatement did not have the effect of curing the defaults, and directing judgment for Moore for the deferred rents (159 Kan. 233, 153 P. 2d 930); that subsequently the former judgment of the trial court was set aside in the trial court and judgment was entered in his favor and he was paid the amount of the judgment. Reference is then made to a second appeal in which Moore was ultimately held not entitled to certain interest. (See 160 Kan. 605, 164 P. 2d 143.)

It is further alleged that Petroleum Building, Inc., acquired its interest during the pendency of the litigation and is bound by the judgments therein; that by the suits and judgments and the opinion of the supreme court it has been conclusively determined that the lessee under the lease agreements had not complied with the terms, conditions and covenants thereof and therefore the deeds referred to in the lease agreements cannot ever be delivered by the escrow agent to the lessee or its assigns; that bank refuses to deliver the deeds to the plaintiff as successor in interest to the original lessors but is threatening to and will, unless enjoined, deliver the deeds on January 1, 1979, to the assignee of the lessee; that plaintiff has made demand upon bank to turn over and return the deeds to him or to the original lessors, but that demand has been refused.

By express inclusion plaintiff made a part of his petition the en-

tire record in the foreclosure action commenced on September 13, 1943, by The Wheeler Kelly Hagny Trust Company against building company, and in which he intervened, as the same was abstracted and presented to this court, as well as the opinion of this court filed December 8, 1945, and reported in 159 Kan. 233, 153 P. 2d 930. In that opinion may be found a more complete statement of facts than we have here set forth and reference is made thereto.

As indicative of the relief to which plaintiff believed he was entitled under the allegations of his petition, we note that he prayed for judgment against the defendants enjoining bank from delivering the deeds to Petroleum Building, Inc., and enjoining the latter defendant from receiving or accepting the deeds, and that an order be made directing that the deeds be surrendered to the plaintiff.

As has been mentioned above, the defendants demurred to the petition, upon the hearing of which the trial court heard oral argument and received written briefs of the parties. The trial court filed its memorandum opinion in which it reviewed the situation presented by the pleadings and concluded that the issues raised *could* have been raised and litigated in the original case, and that under the law all questions which have or *could* have been raised and litigated in that case, cannot be relitigated by the same parties or their privies, and it sustained the demurrer. The journal entry of judgment was that the demurrer be sustained and that judgment be entered for the defendants.

From that order and judgment the plaintiff perfected his appeal to this court.

Before taking up the questions presented in appellant's brief we note that both parties have directed our attention to many decisions and authorities in support of the various contentions made by them, but in view of our conclusions, it is not necessary that they be reviewed at length.

It is observed that if plaintiff has stated a cause of action, he is entitled to possession of the real estate and to ownership of the improvements erected thereon. It is clear from the allegations of the petition that bank is the holder in escrow of deeds to the leased real estate and has no other interest, and that unless there is default by the lessees the deeds, at a future date, will be delivered to the grantees therein named, or their assigns, and it follows that no cause of action based on delivery of the deeds in escrow, can be stated against bank unless a cause of action, based on defaults un-

der the lease contracts which provide for the escrow, can be stated against the lessees or their assigns, and that bank's demurrer was properly sustained unless a cause of action was stated against the lessees or assigns based on some default under the leases.

Plaintiff first contends that the trial court mistook the purpose of his petition, which he states was to invoke the power of a court of equity to enforce a judgment at law or a decree in equity as against one (bank) who was not a party to the original action, and to grant further relief as to a matter already litigated, and our attention is directed to authorities treating the rule.

As a premise for his contention he may maintain the action plaintiff asserts that it was held in 159 Kan. 233, 153 P. 2d 930, that the reinstatement of the leases did not cure the defaults. In connection with that premise, our attention is directed to the fact bank was not a party to the last mentioned action. The premise assumed by plaintiff cannot be sustained. Without repeating all of the details, it may be said that the record as abstracted and, in part, the opinion of the court in the case above mentioned, disclose that the trial court held that building company had no *legal* right to have the leases reinstated after defaults in payment of taxes and rents, but *as a matter of right and fairness,* it should have thirty days to make all back payments due, and "upon doing so, to have the leases reinstated." While plaintiff did prevail on his appeal to this court as to the payment of certain rents, on the point now under discussion the trial court was sustained, as is clearly evident from the last sentence of the syllabus. That, however, was not the end of the matter. When the cause went back to the trial court for further proceedings, and a judgment was entered in at least partial conformance to our opinion, directing payment to plaintiff, an appeal was taken from the last judgment and our opinion in 160 Kan. 605, 164 P. 2d 143, discloses that plaintiff received payments of defaulted rents. Plaintiff's petition in the instant case affirmatively pleads he received payment. There is no room for the plaintiff to contend the defaults were not made good, nor that under the judgments of both the trial court and this court the leases were not reinstated.

As we view the matter, plaintiff's petition stated no cause of action against Petroleum Building, Inc., as successor in interest and title to building company, either for cancellation of the original leases, or for surrender of the deeds in escrow because of claimed defaults, and therefore it stated no cause of action against bank for

the surrender of the deeds. Under the circumstances, it may not be said the instant action is one brought to carry into effect a previous judgment in favor of plaintiff. Therefore we need not review authorities and decisions treating the right of a party to maintain such an action.

May the plaintiff, by the device of bringing an action against Petroleum Building, Inc., as successor to building company, in which he joins as party defendant bank which held the deeds in escrow, successfully contend that the former judgments are not *res judicata*, because of different parties, and thus cause the whole matter to be relitigated? Plaintiff does not question the right of the defendants to invoke the doctrine of *res judicata*. The general rule is that before a party may rely upon that doctrine, he must plead and prove the facts warranting its application (*Luttgen v. Ergenbright*, 161 Kan. 183, 166 P. 2d 712), and that a motion to dismiss is not the proper way to raise the question (*Hudson v. Hudson*, 142 Kan. 358, 46 P. 2d 882), but this court has also recognized the rule that a defense of *res judicata* may be raised by demurrer only where the fact and the nature of the prior adjudication appear on the face of the pleadings (*Kirwin v. McIntosh*, 151 Kan. 289, 98 P. 2d 160). The allegations of the petition are such that the question may be considered under the last mentioned rule.

We first note plaintiff's statement that, as he understood, the trial court decided he had split his cause of action, and he then states that the matter of splitting a cause of action is really one of *res judicata,* and directs our attention to a number of authorities and decisions as to when such a plea may be sustained. See, *e. g., McDowell v. Gibson*, 58 Kan. 607, 50 Pac. 870.

An examination of our opinion in 159 Kan. 233, 153 P. 2d 930, shows that the court had before it for consideration not only the mortgage sought to be foreclosed, but the original leases and a subsequent agreement under which rents due to the lessors were conditionally waived, and that plaintiff, as intervenor in that action, set up copies of the leases, his notices of cancellation, alleged noncompliance by the lessee and that he asked for possession of the premises and for recovery of rent due. It is true that as originally commenced the question of reinstatement of the leases was not pleaded, but there is no doubt that the pleadings and the evidence brought the question into the case and it was decided, and that plaintiff as the intervenor, recovered a judgment in the trial court

which was enlarged in his favor by the judgment of this court. And that he accepted the fruits of that enlarged judgment is made clear not only by our opinion in 160 Kan. 605, 164 P. 2d 143, but by his allegations in the petition now being considered. Under the circumstances, plaintiff is in no position to contend now that the only matter considered in the first action, insofar as he was concerned, was his right to recover deferred rents and interest. It is beyond argument that he pleaded facts leading up to his allegation that he was entitled to possession. In our opinion there is no occasion to determine whether there was any splitting of causes of action for the reason the present petition, considered with matters incorporated by reference, shows that what is now urged was previously asserted and, if not directly, was indirectly ruled against the plaintiff.

Does the fact bank was not a party to the original action permit the plaintiff to maintain the present action in which it is a party? Not overlooking the general rule that to sustain a plea of *res judicata*, there must be concurrence of identity of the thing sued for, of cause of action, of parties to the action and of the quality in the persons for or against whom the claim is made (see *McDowell v. Gibson*, supra), we note also the other rule that if the question might and should have been determined, it will be held to have been determined. (See, *e. g., Kearny County Bank v. Nunn*, 156 Kan. 563, 134 P. 2d 635.)

Certain observations may be made as to the situation presented. Plaintiff intervened in the original action and it was by his intervention that the matter of deferred rents, demand for his possession of the real estate, reinstatement of the leases and related matters came before the court for consideration, and if he had been held entitled to possession of the real estate under his claim, he was entitled to have the escrow avoided—for the rights under the escrow were his as the assignee and successor of the original lessors and of building company as the grantee in the deeds. Then was the proper time for him to assert the claim now made. If it be assumed bank was a necessary party, plaintiff as the intervenor made no effort to have it brought in. And bearing in mind that bank had no interest whatever in the real estate, the leasehold interest or the rents due, there probably was no necessity that it should have been made a party, for it stood by only as custodian of the deeds and for no other purpose.

We are of the opinion the trial court did not err in ruling on the demurrer or in rendering judgment for the defendants, and its order and judgment are affirmed.