No. 45,769

In re Estates of Harold K. Buehler and Laura J. Buehler, Deceased;
LeRoy M. Culver, *Appellant*, v. William E. Scott, Adminis-
trator, c. t. a., *Appellee*.

(466 P. 2d 260)

Opinion filed March 7, 1970.

*Harold Kip Wells*, of Kansas City, argued the cause and was on the brief
for the appellant.

*Donald W. Vasos*, of Kansas City, argued the cause, and *William E. Scott*,
*Charles S. Schnider*, and *Jacob F. May*, all of Kansas City, were with him on
the brief for the appellee.

The opinion of the court was delivered by

Harman, C.: The sole question in this will probate proceeding
is whether a litigant acquiesced in a judgment entered by a probate
court so as to preclude his appeal to district court.

The facts are not in dispute for our purposes here. In October,
1947, Harold K. Buehler married Laura J. Culver. Each owned
property at the time of their marriage and Laura had previously
advanced sums of money to Harold. Laura had a son by a former
marriage, Leroy M. Culver, appellant herein. On June 24, 1960,
Harold and Laura executed a document purporting to be their
joint last will and testament. The instrument revoked a prenuptial
contract and contained recitals that it was contractual in nature.
The will provided that upon the death of either of them the survivor
should take all their property and upon the death of the survivor
one-half of all their property should go to Laura's son, Leroy, and
one-half to Harold's sister, Helen Bergman. Leroy was named as
executor after the death of both. The will directed that Thomas
H. Finigan should act as attorney for the estate.

Laura died January 2, 1967. No will upon her behalf was offered
for probate.

On February 6, 1967, Harold executed a last will and testament. In it he bequeathed his property equally, share and share alike, to eight named persons: Six sisters, a stepdaughter and his stepson, Leroy M. Culver. Leroy was named executor and the desire was again expressed that Thomas H. Finigan represent the executor of the estate.

On May 17, 1968, Harold executed a codicil to his February 6, 1967, will, deleting one sister as a beneficiary and adding specific bequests to two other blood relatives. The codicil further directed that Leroy receive no fee for his services as executor in view of the fact the testator had set over to him a $2,000 life insurance policy.

Harold died May 28, 1968.

On June 5, 1968, Leroy filed in the probate court of Wyandotte county, Kansas, a petition for the probate of the February 6, 1967, will as modified by the May 17, 1968, codicil, attaching copies of both instruments. He alleged the original will was in decedent's safety deposit box and further that nurses' bills arising out of decedent's last illness should be paid immediately and requested he be appointed special administrator for the purpose of taking care of matters needing immediate attention. On June 6, 1968, Leroy was appointed special administrator of Harold's estate. On the same day Harold's safety deposit box was opened and inventoried. Among the items found was Harold's February 6, 1967, will.

Thereafter, no action having been taken on the petition to probate this will, Leroy discovered the June 24, 1960, joint will of Harold and Laura which had evidently been in the custody of an officer of a Kansas City, Kansas, bank, and on July 9, 1968, he filed an amended petition seeking probate of the joint 1960 will, making allegations essential to its admission.

On October 10 and October 15, 1968, a probate judge *pro tem* held hearings on both petitions and entered separate orders admitting Harold's 1967 will and codicil to probate and denying the admission of the 1960 joint will to probate, saying as to the latter:

"1. That portion of the Joint and Mutual Will which was Laura J. Buehler's Last Will and Testament, was not knowingly withheld from Probate and more than one year having elapsed between date of her death and date the Will was offered for Probate, it may not be admitted to probate."

The probate court further ordered Leroy's appointment as executor of Harold's will and that upon filing of his oath letters testamentary issue to him.

On October 11, 1968, Thomas H. Finigan wrote Leroy the following letter:

"Dear Leroy:

"The Judge held against us on one of the main points which was to the effect that more than a year having elapsed between the date of your mother's death and the time the Will was offered for probate, it may not be admitted to probate. I think he is definitely wrong on this.

"He has appointed you executor under the Will dated February 6, 1967 and we will have to qualify and make bond.

"I think this order should be appealed and I feel confident that his judgment can be reversed in the District Court. We have thirty days from the 10th of October, 1968 in which to appeal, but we should do it at an early date."

On October 15, 1968, Leroy took his oath and qualified as executor of Harold's estate.

Thereafter Leroy timely perfected two separate appeals to the district court of Wyandotte county from the probate court orders denying admission of the 1960 joint will and admitting the 1967 will and codicil. The first of these appeals, handled by Leroy's present counsel, was by Leroy as an individual and the other was by him as executor, this appeal being processed by Mr. Finigan. Apparently Mr. Finigan died before any action was taken on the appeals in district court and he was succeeded by Charles S. Schnider as attorney for the estate.

On December 2, 1968, Sheldon M. Crossette, as attorney for Harold's six sisters, filed in the district court motions to dismiss both of Leroy's appeals on the ground he had consented to and acquiesed in the judgments appealed from when he qualified as executor of Harold's estate.

On January 16, 1969, the district court heard the motions to dismiss. Mr. Schnider, as attorney for Leroy in his capacity as executor, appeared but made no argument. As an individual Leroy was represented by present counsel. On January 20, 1969, the court sustained the motions to dismiss upon the ground Leroy had acquiesced in the judgments appealed from by his act of qualifying as executor of the estate. The trial court thereafter entertained a motion for rehearing but on March 20, 1969, adhered to its former ruling. Leroy, as an individual, has appealed from the rulings.

The appellee now defending in this court the rulings appealed from is William E. Scott, administrator c. t. a. of Harold's estate. The parties have explained that after Leroy's appeals were dis-

missed by the district court the probate court removed him as executor of Harold's estate and appointed Mr. Scott in his stead. The record does not reveal the circumstances of this action.

As indicated, the only question is whether Leroy precluded himself from appealing to district court by qualifying as executor of Harold's estate.

The rule relied upon by the trial court has been broadly stated that anything savoring of acquiescence in a judgment cuts off the right of appellate review (*Hawkins v. Wilson*, 174 Kan. 602, 257 P. 2d 1110), but we find no·decision in our reports involving a factual situation similar to that in the case at bar.

In *Stephenson v. Stephenson*, 156 Kan. 520, 134 P. 2d 397, an administratrix who was also an heir in an estate appealed to the district court from an order of final settlement by the probate court. Among the several items in the order were directions to the administratrix to make certain payments to the heirs including herself and to deliver a certificate of stock to herself. The administratrix complied with these provisions in the order but not the others. Her appeal to the district court was dismissed. In affirming the dismissal this court held that since the result of the litigation as to all of the items would have been reflected in the amount which the probate court ordered distributed to her she had, by her acceptance of the payment of the amount allowed her individually, acquiesced in the entire judgment. This court pointed out she had accepted the benefits of the order from which she was appealing.

In *In re Estate of Markham*, 195 Kan 436, 407 P. 2d 239, an order of final settlement was entered by the probate court. The order included an allowance of a certain amount for attorney fees and also directed the executrix to pay the court costs. The executrix, in her official capacity and as an individual, appealed to the district court from the order of final settlement and, particularly, from the allowance of the attorney fees. Thereafter she paid the court costs. The district court dismissed her appeal on the ground she had acquiesced in the probate court's judgment by reason of her payment of court costs.

Upon appeal this court recognized but declined to apply the acquiescence rule. It was pointed out that the appellant, in her capacity as executrix of the estate, was not a litigant in any sense of that term but was acting in a representative capacity pursuant to her appointment by the probate court, and in the execution of

her duties was subject to the control and directions of that court. This court stated an executor occupies a status different from that of an ordinary litigant and held a right of appeal was not foreclosed.

In *Hyland v. Hogue*, 131 Kan. 512, 292 Pac. 750, it was held that where a party has a cause of action consisting of several items and judgment is awarded in his favor on one of them but against him as to the other items, he cannot accept the amount allowed in his favor and then appeal as to the remainder of the items. The rationale was stated as follows:

"The rule is founded upon the well-established principle that litigants must be consistent. They cannot be permitted to change and shift their position in an inconsistent manner. The orderly administration of justice is best advanced by a firm insistence upon this principle. It is simply an application of the homily that one cannot eat his cake and have it." (p. 515.)

Here appellant was, in the same letter, advised to qualify as executor and to appeal the rulings upon the two wills, which, understandably, he did, his adviser being the attorney named as counsel in both wills. The fact one acts in accord with legal advice does not relieve him from the consequence of the act. However, it is difficult to find any personal benefit to appellant arising out of his act of qualifying as executor of the later will, or at least of such nature which ought to preclude his appeal. He accepted no benefit as was present in *Hyland* or *Stephenson*. He received nothing by way of distribution from the estate. He accepted the executorship in the face of a provision which stated he should receive no fee for those services. And whatever advantage or benefit he could be said to have derived from this act was not absolute as demonstrated by the fact he has now been removed.

As was pointed out in *Markham*, appellant's status as an executor was not that of an ordinary litigant because, as executor, he could act only in a representative capacity under the control of the appointing authority. He qualified as executor at the direction of the probate court. He would normally have been entitled to this appointment under the provisions of either of the two wills, so that the entitlement existed independently of any particular share in the estate. Finally, he perfected his appeal as an individual as well as in his official capacity. Under the circumstances we think he has not acquiesced in the judgments so as to preclude the hearing of his appeal upon the merits.

Appellee further argues appellant should be foreclosed from ap-

peal because, by reason of his initial petition to probate the 1967 will, he invited and consented to the orders complained of and that his present position is fatally inconsistent with his prior position. This contention is patently without merit (see also K. S. A. 59-2225).

The judgments appealed from are reversed for further proceedings in harmony with the views herein expressed.

APPROVED BY THE COURT.