No. 39,444

CLARENCE LOREY, *Appellee,* v. DOROTHY COX, *Appellant.*

(272 P. 2d 1114)

Opinion filed July 6, 1954.

*Guy L. Goodwin,* of Wichita, argued the cause, and *H. W. Goodwin,* of Wichita, was with him on the brief for appellant.

*Robert A. Coldsnow,* of Wichita, argued the cause, and *E. Lael Alkire, Charles F. McClintock, Richard B. Clausing, Aubrey J. Bradley, Jr., F. C. McMaster,* and *Kenneth F. Beck,* all of Wichita, were with him on the brief for appellee.

The opinion of the court was delivered by

THIELE, J.: Defendant appeals from an order and decision striking a paragraph from her answer.

On September 9, 1952, plaintiff commenced his action against defendant to recover damages resulting from his unlawful restraint by the defendant. To this petition defendant demurred on the ground another action was pending between the same parties for the same cause and that demurrer being overruled she appealed to this court which sustained the trial court, holding, as more fully set forth in its opinion, that where it did not appear on the face of the petition that another cause was pending between the same parties for the same cause, the demurrer was properly overruled. See *Lorey v. Cox*, 175 Kan. 66, 259 P. 2d 194. After the above decision was rendered defendant filed her answer, the only portion of which we need notice reciting as follows:

"That the Court is without jurisdiction in this cause for the reason that prior to the time of the filing of this action the plaintiff herein had filed an action against this defendant in the District Court of Sedgwick County, Kansas, the same being Case No. A-41875, which cause of action previously filed in this Court between the same parties is based upon the same cause of action and arises out of the same transaction set forth in plaintiff's petition filed herein."

It will be noticed that the above pleading in no way set out the particular allegations of the pleadings in the other action nor made the pleadings in that case a part of her answer.

Thereafter plaintiff filed his motion that the above quoted language be stricken from the answer "by reason of the fact that the issue set forth therein has already been settled and decided by this Court." On hearing the trial court did not rule on the ground urged in the motion to strike but found that the attack upon the court's jurisdiction was not good "at this point in the proceedings and that the pendency of both actions did not deprive the court of jurisdiction in either" and that the motion to strike should be sustained and it ruled accordingly. From that ruling the defendant has appealed to this court.

In considering the appeal we shall refer to the parties as they appeared in the trial court. References to the civil code hereafter made are to chapter and section numbers in G. S. 1949.

In our opinion the trial court erred in its ruling. Plaintiff concedes that his motion to strike was equivalent to a demurrer, and in effect, raised the question whether it stated a defense. In partial support

of the ruling plaintiff states that under 60-2702 of the civil code only an issue of law is presented by a demurrer. That is true, but under repeated holdings of this court, the demurrer admits facts well pleaded and the issue is whether the pleading under attack discloses a cause of action or a defense, as the case may be, or a ground of demurrer had the defect appeared on the face of the petition. The statement in the stricken paragraph that the court was without jurisdiction might be said to be a conclusion, but the remaining part clearly alleged that another action between the same parties for the same cause had been filed, and that allegation was admitted for the purpose of the ruling. Apparently the trial court examined the petition in the other action, but it was no more authorized to do that in ruling on the demurrer to the answer than it was in ruling on the demurrer of defendant to the plaintiff's petition as was considered in *Lorey v. Cox,* supra.

It will be noticed that the ground for striking as set out in the motion was that the issue set forth had been determined, which was only an indirect way of stating the matter was *res judicata.* If that were true, that defense should have been raised by reply under 60-748 of the civil code and not by motion. However, the trial court did not rule on that basis—it held that the stricken allegation was not good "at this point in the proceedings" and that the pendency of both actions did not deprive the court of jurisdiction in either.

When it is borne in mind that under 60-705 a demurrer may be lodged if it appear on the face of a petition that there is another cause of action between the same parties for the same cause, and that under 60-707 if the defects enumerated under 60-705 do not appear on the face of the petition the objection may be taken by answer and if not so taken shall be deemed to have been waived, defendant did the only thing she could do without sacrificing her right. Not only did the stricken paragraph raise a question necessarily included in her answer unless it was to be waived, but it stated a fact which the motion to strike (demurrer) admitted, and the truthfulness of which was not subject to trial on motion to strike. In a sense we have a demurrer to a demurrer. The effect of the trial court's ruling was to put the defendant in the position of having to waive her right to raise the question. That may not be done.

In the briefs there is discussion of joinder of causes of action and of splitting causes of action. Unless we take into consideration the allegations of the petition in the other cause of action, there is no basis for discussing joinder and splitting of causes of action. As

heretofore indicated the trial court was not warranted in considering the allegations of the petition in the other action, and if it was not in position to consider them, neither are we.

As the matter now stands the issues have not been fully joined, and the cause has not been tried. When those things have occurred the questions of joinder or of splitting of causes of action may be of importance but they are not now subjects for discussion.

The ruling and judgment of the trial court is reversed and the cause is remanded with instructions to the trial court to overrule the plaintiff's motion to strike.