No. 40,157

H. F. BORTZFIELD, *Appellant,* v. W. W. SUTTON, *Appellee.*

(299 P. 2d 584)

Opinion filed June 30, 1956.

*Walter B. Patterson,* of Fort Scott, argued the cause, and *Sylvan Bruner,* and *Don C. Smith,* both of Pittsburg, were with him on the brief for the appellant.

*Harry C. Blaker,* of Pleasanton, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover for damages under the provisions of G. S. 1949, Ch. 44, Art. 1, often referred to as the "Factory Act." The present appeal is from rulings adverse to the plaintiff on his motions, later mentioned, directed against the defendant's answer and from an order overruling plaintiff's demurrer to the answer.

For our purposes it is noted that plaintiff filed his amended petition alleging status of the parties and that defendant operated a sawmill in Pleasanton, Kansas, equipped with described machinery which it was alleged was not equipped with belt shifters and other safeguards as required by the factory act, and that on February 16, 1955, plaintiff was assisting in the operation of an edger, a detailed description of which was alleged, and which was not equipped with belt shifting devices; that a scrap of lumber was caught in the edger stopping the movement thereof, and as plaintiff was in the process of removing the scrap the machine started, plaintiff's clothing was caught and he was forced into a saw and sustained severe injuries. It was alleged that defendant was guilty of violating the factory act in failing to provide the mill with safeguards as provided by the act, in four stated particulars, and that by reason of such violation

plaintiff had suffered injuries which were alleged at length. His prayer was for judgment in a stated amount.

Defendant filed an answer consisting of four paragraphs. The first paragraph denied all allegations of the amended petition except such as were admitted to be true. The second paragraph admitted defendant operated a sawmill and that plaintiff was in his employ and received personal injury. The third paragraph recited:

"Pleading further, the defendant specifically denies that any alleged violation of the 'Factory Act' or any alleged negligent act of commission or omission on the part of the defendant, proximately caused or directly contributed to any injury to the plaintiff, *and further states and alleges that any injury suffered by the plaintiff was caused by his own negligence and a reckless and thoughtless disregard for his own safety.*" (Emphasis supplied for convenience in reference later.)

The fourth paragraph denied that certain allegations of the amended petition constituted violations of the factory act.

Plaintiff then filed his motion that the emphasized portion be stricken from the answer in that contributory negligence on the part of the plaintiff is not a defense to a petition based on the factory act, and that the first portion (not emphasized) be made more definite and certain by setting forth whether the sawmill complied with the factory act and in particular whether the edger was equipped with particularly named belt shifters, loose pulleys and other safeguards as required by the factory act. A little later plaintiff filed a motion making reference to his amended petition and stating that in order to properly prepare his case for trial and to present evidence concerning violations of the factory act, plaintiff requested the trial court that in the interest of justice and its equity powers it grant him permission to inspect the sawmill, to take photographs and to have an expert safety engineer inspect the sawmill. These motions were heard by the trial court and denied. Plaintiff then filed a demurrer on the ground the answer did not state facts sufficient to constitute a defense or to allege a defense of either contributory negligence or negligence on the part of the plaintiff and that the defense of contributory negligence or negligence on the part of the plaintiff was not a defense under the factory act. This demurrer was overruled and plaintiff then orally requested permission to amend his motion to strike by inserting the words "negligence or" before the words "contributory negligence," as summarized above. The request was denied. In due

time plaintiff perfected his appeal from each of the rulings above set forth.

We first note defendant's challenge of plaintiff's right to maintain his appeal. In substance the complaint is that the rulings on the motions are not in and of themselves appealable, and that there is no question the demurrer to the answer was not good and plaintiff knew it. We shall not elaborate on the argument nor on the fact defendant relies principally on the dissenting opinion in *Western Shale Products Co. v. City of Fort Scott*, 175 Kan. 643, 266 P. 2d 327. The right of appeal is not determined by whether the appealing party is right in his contention. That he had a right to appeal from an adverse ruling on the demurrer cannot be questioned and in such circumstance, he could have review of other previous rulings. See *Brewer v. Hearne Motor Freight Lines, Inc.*, 179 Kan. 732, 297 P. 2d 1108, decided June 9, 1956, and cases cited. The appeal will be considered.

Plaintiff first contends his motion to make definite and certain should have been sustained. He directs our attention to G. S. 1949, 44-104, setting up standards as to belt shifters, pulleys and guards, and to 44-106, as to sufficiency of proof, argues this is a statutory and not a common law action and because he was compelled to plead with particularity as to how he was injured, that defendant should be compelled to plead with particularity the safeguards he had installed. Under the factory act the plaintiff must prove in the first instance, in order to establish liability of the defendant, that the injury complained of resulted from the failure of the owner or operator to provide the safeguards provided for in the act. There can be no argument that in bringing his action, plaintiff must allege those facts, and in this case he has done so. Defendant has denied those allegations and an issue was joined thereon. We know of no rule of law, and appellant cites none, that would lead to any conclusion the general and the specific denials contained in the answer are subject to a motion to make more definite and certain. Further, there is nothing in the factory act that indicates that a defendant, in order to avoid liability under it, must, notwithstanding his denial of plaintiff's allegations, set up in his answer in any detail whatever the manner and extent of his compliance with the requirements of the act. The trial court did not err in denying that part of defendant's motion just discussed.

Plaintiff contends the trial court erred in denying his motion to

strike from the answer the emphasized part of the paragraph quoted above, and its later refusal of his oral request to amend his motion above mentioned to include the words "negligence or" before the words "contributory negligence." Insofar as the second part of the contention is concerned, we discern no error. The answer did use the word "negligence" and the motion did use the words "contributory negligence" but there is no indication whatever that the trial court's refusal was based on the variation noted.

Insofar as the first part of the contention is concerned, plaintiff directs our attention to and quotes from our opinion in *Caspar v. Lewin,* 82 Kan. 604, 109 Pac. 657, 49 L. R. A. n. s. 526, where it was held that contributory negligence is not a defense under the factory act. That ruling has been followed and never receded from in a number of later cases as reference to Shepard's Kansas Citations will disclose and need not be further discussed. This particular allegation of the defendant's answer was not attacked by any motion to make more definite and certain, and, under familiar rules of pleading, is entitled to a liberal and not illiberal construction, and in determining the effect of the pleading we are not warranted in ignoring the preceding portion of the paragraph, which denies that plaintiff's injuries were proximately caused or directly contributed to by any alleged act of the defendant. The portion sought to be stricken simply says further that if the plaintiff was injured, it was caused by his own negligence. The clear inference from the entire allegation is that plaintiff was not injured by reason of any violation of the factory act, but by reason of his own negligence. Of course, if on trial plaintiff proves violations of the factory act by defendant directly contributed to his injury, evidence of his negligence which may have contributed to his injury is no defense. On the other hand, if defendant proves no violation of the act, or that plaintiff's injuries had no connection with any violation by defendant, then plaintiff's negligence is a defense. The trial court did not err in refusing to strike the allegations attacked.

The plaintiff contends that the trial court erred in denying his motion to inspect and photograph the defendant's premises contending he has an inherent right of discovery and that the ruling violates all rules of right and justice. It is here observed the motion was not to inspect the edger and the equipment involved in the alleged injury but to inspect and photograph the sawmill.

Plaintiff's argument commences with the statement that Kansas is out of step with other states and the federal courts as to discovery, but he fails to point out that many states have statutory procedures therefor and that the rules of procedure of the federal courts control in those courts. We are not disposed to write at length upon the question, nor to cite and comment on the various authorities cited by plaintiff. Those interested will find informative notes in 33 A. L. R. 16 and 13 A. L. R. 2nd 658, from which it can be discerned that where no statutory provisions apply, an order of a trial court ordering inspection has often been upheld. This state has no statute dealing with the right of inspection at any time, whether prior to when issues are finally joined, or prior to trial, although there is provision for evidence to be produced by subpoena *duces tecum* directed to a witness. (G. S. 1949, 60-2807.)

The plaintiff directs attention to *A. T. & S. F. Rld. Co. v. Thul*, 29 Kan. 466, as a precedent for holding he is entitled to inspection. In that case the plaintiff contended his eyesight had been impaired and destroyed. The defendant sought to have plaintiff's eyes examined by expert witnesses and the request was denied by the trial court. Among other things this court noted that all attainable instruments of evidence, within certain limitations, may be presented to the jury and that many of these could be examined only by experts. The trial court's judgment was reversed, the court holding:

"On the trial, in an action for damages for personal injuries of a permanent as well as temporary character to the plaintiff's eyes, where the plaintiff himself testified concerning his injuries, and no physician or surgeon or medical expert was examined as a witness in the case, the plaintiff may be required by the court, upon a proper application being made therefor by the defendant, to submit his eyes to a reasonable and proper examination by some competent expert, for the purpose of ascertaining the nature, extent, and permanency of his injuries; *the court exercising in all such cases a sound judicial discretion.*" (Emphasis supplied.)

It appears from the above case the trial court is to take into consideration the circumstances which are concerned in the request and is to exercise "a sound judicial discretion." We shall not here dwell on the fact that the request in the above case was made in the course of the trial nor that a defense could only be made by evidence of expert witnesses, nor on distinctions which may be made as to things observable to anyone and things only discoverable by examination by an expert. Appellant also directs attention to *Culbertson v. Cement Co.*, 87 Kan. 529, 125 Pac. 81, wherein the trial

court had ordered an inspection of gas wells. On appeal this court held it was competent for the trial court to make such an order.

In the instant case the trial court after hearing the arguments and considering the same, prepared a written memorandum and sent it to counsel for both parties stating, in substance, that it agreed that such an order was within its authority; that no statute controlled and it hesitated to issue an order unless it should appear it was necessary in order that justice be achieved; that plaintiff had worked with the machinery for some time and was familiar with it and was able to testify; that if he were incompetent or unable to testify and give a description or there were no other witnesses available to him, it would not hesitate to issue the order. The court's denial of the motion was clearly what it deemed an exercise of its discretion.

Although plaintiff complains that he was compelled to make his original petition more definite and certain, that original petition alleged in some detail the construction of the edger and of the saws therein which were unguarded, the trough and the auger to push out the sawdust, and that the scrap of lumber stopped the movement, as well as the lack of a mechanical device for shutting off of power. The amended petition merely amplified the above allegations. Certainly the trial court was warranted in taking plaintiff's own version of the mechanical setup into consideration and the fact that plaintiff will be able to testify with respect thereto, in determining whether an order to inspect and photograph should be made. And although not mentioned in the trial court's memorandum, it could properly have taken into consideration that the request for inspection covered defendant's entire sawmill and not the particular machinery involved.

In our opinion whether the particular order requested should have been granted rested in the sound judicial discretion of the trial court, and it does not appear that discretion was abused.

Plaintiff's contention that the trial court erred in overruling his demurrer to the defendant's answer is a reiteration of matters hereinbefore discussed, and is that the answer did not plead a defense to an action based on the factory act, did not contain sufficient facts as a defense based either upon contributory negligence or negligence of plaintiff and because plaintiff's contributory negligence or negligence is not a defense to an action under the factory act. What has been said concerning these contentions, when dis-

cussing the motions above mentioned, need not be repeated. Furthermore, the answer contained a general denial and a specific denial, and it may not be said that a general denial does not constitute a defense to an action under the factory act. The trial court did not err in overruling the plaintiff's demurrer to the defendant's answer.

The rulings and orders appealed from are affirmed.

SMITH, C. J., not participating.