No. 40,372

GLEN A. PENNINGTON, *Appellee*, v. THE KANSAS TURNPIKE AUTHORITY, *Appellant*.

(305 P. 2d 849)

Opinion filed January 12, 1957.

*Robert M. Cowger*, of Topeka, argued the cause, and *Thomas W. Cunningham*, of Topeka, and *Roy W. Riegle, Jr.*, of Emporia, were with him on the briefs for the appellant.

*Samuel Mellinger*, of Emporia, argued the cause, and *Clarence V. Beck* and *John G. Atherton*, both of Emporia, were with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from an order of the trial court overruling a demurrer of the Kansas Turnpike Authority to the petition

of plaintiff in which he seeks to recover damages as a result of construction activities on the Kansas Turnpike.

For convenience and clarity we shall hereafter refer to the appellant as K. T. A., to appellee as plaintiff, and to the Kansas Turnpike as the turnpike. All statutes involving the turnpike are to be found in G. S. 1955 Supp., 68-2001 to 68-2029, inclusive.

While it is true that at the outset K. T. A. entered a special appearance for the sole and only purpose of attacking the jurisdiction of the trial court because it contended the venue lay in Shawnee county, we are unable to give consideration thereto since in its notice of appeal K. T. A. appealed only from the ruling of the trial court which overruled its demurrer to plaintiff's petition. It is necessary that a notice of appeal must particularly specify all orders from which the appeal is taken as otherwise they are no part of the appeal and present nothing for appellate review. (G. S. 1949, 60-3306; *Rierson v. Southern Kansas Stage Lines Co.,* 146 Kan. 30, 33, 69 P. 2d 1; *Nicholas v. Latham,* 179 Kan. 348, syl. ¶ 1, 295 P. 2d 631; *Bortzfield v. Sutton,* 180 Kan. 46, syl ¶ 2, 299 P. 2d 584; *Foster v. Humburg,* 180 Kan. 64, 70, 299 P. 2d 46.)

The demurrer stated (1) the court had no jurisdiction of the person of the defendant (K. T. A.) or the subject of the action and (2) the petition did not state facts sufficient to constitute a cause of action. The demurrer was overruled and this appeal by K. T. A. followed.

The K. T. A. argues at great length on the proposition that it is clothed with immunity from a suit such as this because it was created a body politic and corporate and constitutes a public instrumentality. (G. S. 1955 Supp., 68-2003.) Provision is made in G. S. 1955 Supp., 68-2004 (*d*) that the K. T. A. may sue and be sued in its own name, plead and be impleaded. Provision is also made that any private property damaged or destroyed by K. T. A. shall be restored, repaired or placed in its original condition as nearly as practicable or adequate compensation made therefor. (G. S. 1955 Supp., 68-2015.) Thus it can plainly be seen that the contention of K. T. A. as to immunity must fail. (*State, ex rel., v. Kansas Turnpike Authority,* 176 Kan. 683, 691, 273 P. 2d 198.)

Other matters raised by the demurrer do not appear on the face of the petition and we are compelled to hold there was no error shown in the record by the trial court in overruling the demurrer.

Judgment affirmed.

HALL, J., not participating.