No. 40,650

CLYDE WILSON, *Appellee,* v. THE KANSAS TURNPIKE
AUTHORITY, *Appellant.*

(317 P. 2d 843)

Opinion filed November 9, 1957.

*James W. Putnam,* of Emporia, and *Bruce Works,* of Topeka, argued the cause, and *Robert M. Cowger,* and *Thomas W. Cunningham,* both of Topeka, and *Richard Mankin,* of Emporia, were with them on the briefs for the appellant.

*Everett E. Steerman* and *Elvin D. Perkins,* both of Emporia, argued the cause and were on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This action was commenced in the district court of Lyon County against the Kansas Turnpike Authority to recover damages claimed to have been sustained by the plaintiff to his personal property as the result of construction activities on the Kansas Turnpike. The cause is here on an appeal by the Authority from an order of the district court overruling a demurrer to the petition and from other orders overruling prior motions.

It is neither necessary nor required that we detail allegations of the petition. Highly summarized, and given the benefit of all reasonable inferences to which it is entitled in the absence of any motions to make it more definite and certain, that pleading states that on all dates in question plaintiff was the owner of a building and foundation on which it was situated; that the Authority con-

demned the land on which such property was located; that as a result of the condemnation and appropriation of the land plaintiff was forced to raise and remove his building in order to protect the same from destruction; and that by reason thereof he sustained damages and is entitled to recover a sum equal to the costs of the removal and relocation of such building.

Following commencement of the action the Authority filed a motion in district court which, without asking for any relief whatsoever, merely recited that it appeared specially for the purpose of stating to the court that such court was without jurisdiction, the only proper jurisdiction being the County of Shawnee. When this motion was overruled the Authority filed a motion to strike the entire petition from the files on the ground plaintiff's cause of action was *res judicata*. Following this action the Authority moved to strike all allegations relating to damages claimed for the moving of the building and construction of a new foundation as vague, indefinite and uncertain and for the reason they did not state a proper measure of damages recoverable by law. This motion was also overruled. Thereupon the Authority demurred to the petition on the ground it failed to state facts sufficient to constitute a cause of action. When this demurrer was overruled it perfected the instant appeal, specifying in its notice of appeal that it was appealing from each of the foregoing rulings and orders.

At the outset it should be noted that in both his brief and on oral argument appellee contends that none of the trial court's rulings on the three motions heretofore mentioned is an appealable order under our decisions, hence such rulings must wait final determination of the cause before they can be subjected to appellate review. This contention cannot be sustained. Under the provisions of G. S. 1955, Supp., 60-3314a, and decisions ( e. g., *Bortzfield v. Sutton,* 180 Kan. 46, 299 P. 2d 584; *Smith v. Wright,* 180 Kan. 584, 305 P. 2d 810) construing its force and effect, where a defendant appeals from an order overruling a demurrer to the petition he may have a review of all prior adverse rulings of which he complains when—as here— he includes such rulings in his notice of appeal.

Having reached the conclusion all rulings complained of are subject to appellate review we are next faced with appellee's contention that all of the motions giving rise thereto must be classified as attacks in the nature of demurrers against the sufficiency of the petition, hence the propriety of such rulings must be determined

from facts appearing on the face of the petition in like manner and under the same rules as the propriety of the order overruling the demurrer to that pleading must be determined. Limited to the record presented we have concluded appellee's position on this point has merit and must be upheld. We therefore proceed on that premise in disposing of claims made by appellant as grounds for reversal of the involved rulings in the order in which they appear in his specifications of error.

First it is urged that the trial court erred in finding it had jurisdiction of the action. Heretofore we indicated that in view of its form and the record presented we are convinced the most that can be said for appellant's so-called special appearance is that it constituted a demurrer to the petition on jurisdictional grounds as authorized by G. S. 1949, 60-705, *First*. So construed the trial court did not err in its ruling. See *Lorey v. Cox,* 175 Kan. 66, 259 P. 2d 194, which holds:

" 'A defendant may demur to a petition only where some one of the defects enumerated in G. S. 1935, 60-705, appears on the face of the petition, and where such a defect does not so appear the objection to the petition may be taken by answer. (G. S. 1935, 60-707.)' " (Syl. ¶ 2.)

Next it is contended appellant's motion to strike the entire petition from the files, based on the ground appellee's cause of action was *res judicata,* was erroneously overruled. In support of its position on this point appellant asserts the existence of a prior replevin action between the same parties, to which no reference is made in the petition, and insists that action is *res judicata* of the present lawsuit. The short and simple answer to all contentions advanced in support of the claim is that, under all our decisions, *res judicata* is an affirmative defense which must not only be pleaded but proved by the parties asserting it; and such a defense may be raised by demurrer only where the fact and nature of the prior adjudication appear on the face of the pleadings. See, e. g., *Polzin v. National Cooperative Refinery Ass'n,* 175 Kan. 531, 266 P. 2d 293; *Moore v. Petroleum Building, Inc.,* 164 Kan. 102, 107, 187 P. 2d 371; *Kirwin v. McIntosh,* 151 Kan. 289, 291, 98 P. 2d 160. For other decisions supporting the same conclusion see *Lorey v. Cox,* 175 Kan. 66, 259 P. 2d 194, and *Lorey v. Cox,* 176 Kan. 621, 272 P. 2d 1114.

Next it is argued the motion to strike certain allegations of the petition relating to damages, the grounds of which have been previously stated, should have been sustained. We do not agree. In

the first place our decisions hold that a petition which otherwise states a cause of action is not subject to a demurrer for the reason it seeks to recover more or different relief than that to which the plaintiff may be entitled. (*Cooley v. Shepherd,* 170 Kan. 232, 225 P. 2d 75; *Billups v. American Surety Co.,* 170 Kan. 666, 672, 228 P. 2d 731.) In the second (*Nelson v. Schippel,* 143 Kan. 546, 56 P. 2d 469, and *Smith v. Wright,* 180 Kan. 584, 305 P. 2d 810) motions to strike rest so much in the sound discretion of the trial court that rulings with respect thereto will not be reversed unless it appears they have prejudiced or will prejudice the substantial rights of a party. The record in this case discloses no such showing.

Lastly appellant insists the petition fails to state a cause of action, hence it was error to overrule the demurrer based on that premise. We are not disposed to either labor or detail the arguments advanced in support of this claim. It suffices to say that when its allegations are liberally construed and given the benefit of all inferences the petition states a cause of action against the appellant under the special statutory right of action created by the legislature under the provisions of G. S. 1955 Supp., 68-2015, as interpreted by our decisions. (See *Pennington v. Kansas Turnpike Authority,* 180 Kan. 638, 305 P. 2d 849. See, also, *Anderson Cattle Co. v. Kansas Turnpike Authority,* 180 Kan. 749, 308 P. 2d 172, Syl. ¶ 4, and corresponding portions of the opinion, pp. 753 to 756, incl.)

Finally it should be stated that in reaching the conclusions just announced we have disregarded, not overlooked, contentions advanced by appellant touching the merits of the cause and respecting the existence of other facts and circumstances which, not withstanding they do not appear on the face of the petition, it seeks to have considered and reviewed in connection with the rulings and orders from which it appeals. We are not disposed to here detail or labor matters of that nature. It suffices to say we are not presently concerned with such matters since they cannot be either considered or disposed of until such time as the parties see fit to join issues respecting them under pleadings warranting their review and disposition.

Finding nothing in the record or in contentions advanced by appellant requiring reversal of the involved rulings and orders they must be and are hereby affirmed.

It is so ordered.