No. 41,048

Vernie Hosterman, *Appellant*, v. The Kansas Turnpike Authority, a body politic and corporate, *Appellee*.

(331 P. 2d 323)

Opinion filed November 8, 1958.

*I. T. Richardson*, of Emporia, was on the brief for the appellant.

*James W. Putnam*, of Emporia, argued the cause, and *Robert Cowger* and *Bruce Works*, both of Topeka, and *Richard Mankin*, of Emporia, were with him on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: The sole question presented by this appeal is whether the Kansas Turnpike Authority, hereafter referred to as defendant, is liable in damages for injuries of a personal nature alleged to have been sustained as a result of its operations in the construction of the turnpike.

The trial court answered the question in the negative, and plaintiff has appealed.

The background of the case, as alleged in the petition, is this: Plaintiff, Vernie Hosterman, is a farmer living in Lyon County. In the summer of 1956 defendant maintained and operated a hot-asphalt plant for the production of paving material used in the construction of the turnpike. The plant was located about one-half mile south of plaintiff's farm and about three-fourths mile from his house, barns, corrals and equipment buildings. In the processing of the hot asphalt the plant gave off large "clouds" of refuse, resulting in a "fall-out" of powdery silt which covered and permeated everything with which it came in contact. The refuse contained foul-smelling and noxious gases, and as it was carried by the wind over plaintiff's property made living conditions generally unbearable, resulting in the following items of damage to plaintiff:

"1. Pain and Suffering and inescapable contacts which the
fall-out from said Refuse Clouds .. . .......... ... .......
2. Permanent injury to plaintiff's health.. .......... . . $10,000.00
3. Food Contamination ............... ... ......... 500.00
4. Contamination of all the air plaintiff had to breathe.... 5,000.00
5. Loss of all the comforts of living in his farm home and
the farm environment ... .......... . ... .. ....... 10,000.00
6. Contamination of his water supply.... ... ......... 5,000.00"

Defendant filed a motion to strike items 1, 2, 4 and 5, and allegations pertaining thereto, its theory being that such items covered damages for injury to the person for which, under the law, it was not liable.

This motion was sustained, thus leaving in the petition only items 3 and 6 pertaining to food and water-supply contamination. It is from this ruling that plaintiff appealed.

In addition to a number of cases arising out of condemnation awards involving defendant, three cases have reached this court which sought recovery from defendant for damage to private property.

In *Pennington v. Kansas Turnpike Authority,* 180 Kan. 638, 305 P. 2d 849, the action sought "to recover damages as a result of construction activities on the Kansas Turnpike." Defendant's demurrer to the petition, on the ground (2) it did not state facts sufficient to constitute a cause of action, was overruled. In affirming that order we called attention to certain statutes, hereafter mentioned, as being authority for maintaining the action.

In *Anderson Cattle Co. v. Kansas Turnpike Authority,* 180 Kan. 749, 308 P. 2d 172, the action sought recovery of damages for injury to plaintiff's cattle which were "molested, annoyed and ex-

cited" by the presence of defendant's employees and the noise and disturbance created by construction activities. One ground of defendant's demurrer to the petition was that it did not state facts sufficient to constitute a cause of action, and it was contended that defendant was clothed with immunity in such an action because it was created a body politic and corporate and constitutes a public instrumentality. The demurrer was overruled, and this court affirmed. The reasoning of our decision will be discussed later in this opinion.

*Wilson v. Kansas Turnpike Authority*, 181 Kan. 1025, 317 P. 2d 843, was an action by a landowner to recover a sum equal to the cost of removal and relocation of a building made necessary by defendant's construction activities. As in the two cases just mentioned, a demurrer to the petition was overruled and, on appeal, this court affirmed, calling attention to the special statutory right of action created by the legislature in the enactment of the turnpike law.

It is to be noted that each of those cases sought recovery for damage to private property under G. S. 1955 Supp. 68-2015, which reads in part:

"All private property damaged or destroyed in carrying out the powers granted by this act shall be restored or repaired and placed in its original condition as nearly as practicable or adequate compensation made therefor out of funds provided under the authority of this act."

and that in none of them was the question of right of redress for injuries of a "personal nature" presented or decided.

In the instant case, the alleged injury and damage having occurred in the summer of 1956, the parties are likewise governed by the provision just quoted.

The Anderson case, above, contains a thorough discussion of the question there presented, and much of what was said and held is applicable to the question now before the court. We summarize briefly from the decision:

The Kansas Turnpike Authority is an arm or agency of the state, created by the legislature to perform an essential governmental function for the people of the state. (G. S. 1955 Supp. 68-2003; *State, ex rel., v. Kansas Turnpike Authority*, 176 Kan. 683, 273 P. 2d 198.) It does not follow, however, that as such it is immune from suit in all cases. Under G. S. 1955 Supp. 68-2004 (*d*), it is authorized and empowered to sue and be sued in its own name. Under the provision of G. S. 1955 Supp. 68-2015, above quoted, there is created a

special statutory right of action against it for all private property damaged or destroyed in carrying out the powers granted by the turnpike act. The phrase "all private property" is all-inclusive of private property and includes both personalty and realty. The authorization by the legislature that the authority may be sued under circumstances limited by the act creating such agency, that is, for damage to or destruction of private property, does not mean that immunity has been waived for all purposes. At no place in the act is there any waiver of the state's immunity from tort liability—rather the waiver extends to and is limited only to the statutory right of action created by the act and which is contained in G. S. 1955 Supp. 68-2015, above.

In applying what was said and held in the Anderson decision to the case before us the analogy is clear—items 3 and 6, pertaining to food and water-supply contamination, remain in the petition, and properly so, for they relate to damage or destruction of "private property" for the recovery of which the state's immunity has been waived by the creation of the special statutory right of action heretofore referred to. But, as to the items which were stricken—for pain and suffering, injury to health, contamination of the air plaintiff was forced to breathe and loss of the comforts of living—all are in the nature of injuries to the person—torts—and for which immunity from suit has not been waived.

It is quite true that in one sense of the word the stricken items are "property rights," but it is clear that they are not within the contemplation of "private property" as used in G. S. 1955 Supp. 68-2015. In deciding these matters we are not concerned with or governed by what it legitimately may be urged the law should be—that is something for the legislature to determine.

The force and effect, therefore, of our decision is this:

The turnpike act (G. S. 1955 Supp. 68-2001, *et seq.*) does not waive the state's immunity from tort liability. It does, however, create a special statutory right of action whereby recovery may be had for "all private property" damaged or destroyed in carrying out the powers granted by the act. This means that plaintiff may not recover for the alleged injuries to his person—his recovery is limited to damage to or destruction of his private property.

The ruling of the trial court was correct and is affirmed.

WERTZ and FATZER, JJ., dissent.