No. 45,785

LEON E. WOODS, JR., *Appellant*, v. KANSAS TURNPIKE AUTHORITY, *Appellee.*

(472 P. 2d 219)

Opinion filed July 17, 1970.

*Phillip Mellor*, of Holmes, Darrah, Dekker, Mellor and Compton, Wichita, argued the cause, and was on the brief for the appellant.

*Richard R. Rock*, of Arkansas City, argued the cause, and *William P. Timmerman*, of Wichita, was with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: The question presented in this appeal is whether or not the Kansas turnpike authority is immune from liability for personal injuries resulting from the creation or maintenance of a nuisance.

The petition alleged plaintiff suffered personal injuries as a result of an accident on July 20, 1968, when the automobile in which he was a passenger came upon an area of the turnpike where defendant had caused to be deposited a layer of loose gravel, thus creating such a hazardous condition and trap for the unwary as to constitute a nuisance. The lower court sustained defendant's motion to dismiss the petition on the basis it failed to state a claim upon which relief could be granted. Plaintiff has appealed.

The parties agree the lower court's ruling was grounded solely on the immunity question, rather than on whether the facts alleged constituted a nuisance.

Since inception of the Kansas turnpike authority in 1953, we have consistently said the authority is an arm or agency of the state created by the legislature to perform an essential governmental function. (K. S. A. 68-2003; *Miller v. Kansas Turnpike Authority*, 193 Kan. 18, 392 P. 2d 89; *Hosterman v. Kansas Turnpike Authority*,

183 Kan. 590, 331 P. 2d 323; *Anderson Cattle Co. v. Kansas Turnpike Authority*, 180 Kan. 749, 308 P. 2d 172; *Pennington v. Kansas Turnpike Authority*, 180 Kan. 638, 305 P. 2d 849; *State, ex rel. v. Kansas Turnpike Authority*, 176 Kan. 683, 273 P. 2d 198.) As such, the authority enjoys the cloak of immunity from tort liability except to the extent expressly waived by statute.

At this juncture we should emphasize that the authorities generally agree a nuisance is also a tort, or at least involves conduct which is tortious because it falls into the usual catagories of tort liability. (66 C. J. S., Nuisances §§ 6, 8; Prossor on Torts [3rd Ed.], ch. 17; Harper on Torts, §§ 179, 180.) Therefore, discussion of the doctrine of governmental immunity as applied to torts is deemed appropriate.

At the time the authority was created, the Kansas turnpike act specifically waived immunity from suit for actions growing out of damage or destruction to private property in carrying out its powers granted by the act. (G. S. 1953 Supp. 68-2015; *Anderson Cattle Co. v. Kansas Turnpike Authority*, supra; *Pennington v. Kansas Turnpike Authority*, supra; *Wilson v. Kansas Turnpike Authority*, 181 Kan. 1025, 317 P. 2d 843.) Consequently, in *Hosterman v. Kansas Turnpike Authority*, supra, an adjacent landowner was denied the right to recover for injuries of a personal nature alleged to have resulted from defendant's operation of a hot asphalt plant which processed paving material used in the construction of the turnpike. The thrust of our decision is expressed in the following language:

". . . While, under G. S. 1955 Supp. 68-2004 (*d*), [the authority] is authorized to sue and to be sued in its own name, it does not follow, however, that the state has waived its immunity from tort liability, and its immunity is waived only to the extent of the special statutory right of action created by G. S. 1955 Supp. 68-2015, . . ." (Syl. ¶ 1.)

In 1957 the legislature saw fit to amend the statute and restrict the waiver of immunity granted by the 1955 legislature. (K. S. A. 1957 Supp. 68-2015.) Since that time the statute limits recovery for private property "damaged or destroyed in laying out and constructing said turnpike project." (K. S. A. 68-2015.) In *Miller v. Kansas Turnpike Authority*, supra, the plaintiff, in one count of his petition, sought to recover for personal injuries and damage to his automobile, and in a second count predicated his right to recover on the theory of implied contract. We held that a demurrer should have been sustained to the entire petition because neither count

came within the statutory cause of action. (G. S. 1957 Supp. 68-2015.)

While plaintiff acknowledges the impact of our prior cases, he urges the Kansas turnpike authority, as a state agency, is engaged in a proprietary function and comes within the ambit of our recent decision in *Carroll v. Kittle*, 203 Kan. 841, 457 P. 2d 21, wherein we abolished the judicially established doctrine of governmental immunity for torts when the state or any of its agencies are engaged in proprietary activities.

An extended discussion on what constitutes governmental or proprietary functions of an agency such as the Kansas turnpike authority would serve no useful purpose. Assuming, for the sake of argument, that plaintiff's contention is sound, we believe *Carroll* offers little solace to him as precedent. There, we specifically said that except for that particular case the effective date of the abolition of the rule of governmental immunity as applied to proprietary activities would be August 30, 1969. Thus, the new rule would not apply in this case since the injury complained of occurred more than a year earlier.

A more serious question is posed by plaintiff's argument that his petition states a claim against the authority under the nuisance exception to the doctrine of immunity from tort liability granted a governmental instrumentality when performing a governmental function. Thus far in this jurisdiction the exception has been applied only to cities (*Grover v. City of Manhattan*, 198 Kan. 307, 424 P. 2d 256, and cases cited therein) and school boards (*Rose v. Board of Education*, 184 Kan. 486, 337 P. 2d 652; *Neiman v. Common School District*, 171 Kan. 237, 232 P. 2d 422), but the point has never been reached with respect to counties (see, *Cherry v. Board of County Commissioners*, 202 Kan. 121, 446 P. 2d 734; *Caywood v. Board of County Commissioners*, 200 Kan. 134, 434 P. 2d 780). Plaintiff suggests, however, no good reason exists why the exception should not now be extended and applied to state agencies, such as the Kansas turnpike authority.

We readily concede that in *Carroll* we swept with a broad broom and abolished discriminatory aspects of our existing law as between various governmental agencies by saying their responsibility should be equalized by the elimination of all immunity from negligence when the state or its agencies are engaged in a private or proprietary function. Premised on this same rationale, plaintiff

argues the authority should be denied immunity under the nuisance exception just as in the case of a city or school board.

In practically every opinion on the subject of governmental immunity we have suggested to the legislature that the extent to which the doctrine is to be applied lies within its province. This court, through *Carroll*, issued an open invitation to the lawmakers to give consideration to the whole area of governmental immunity instead of satisfying themselves, as in the past, with a series of sporadic statutes operating in separate, isolated areas of activity. At the same time we unequivocally recognized the authority of the legislature to control the entire field of governmental immunity, including matters covered by judicial decision, and suggested that body was in a better position than this court to do so. The 1970 legislature promptly accepted the challenge and responded with the enactment of Senate Bill No. 465 (L. 1970, ch. 200). Pertinent portions of that law are as follows:

"Section 1. (*a*) It is hereby declared and provided that the following shall be immune from liability and suit on an *implied contract, or for negligence or any other tort, except as is otherwise specifically provided by statute:*

"(1) The state of Kansas; and

"(2) boards, commissions, departments, agencies, bureaus and institutions of the state of Kansas;

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"Sec. 3. No money or funds shall be disbursed from the state treasury or any special fund of the state of Kansas in part or full satisfaction or payment of any claim or judgment based in whole or in part on *an implied contract, negligence or any other tort unless:*

"(*a*) Such claim accrued on or after August 30, 1969, and before the effective date of this act [March 26, 1970], or

"(*b*) *such claim or judgment is based upon a specific statutory exception to the governmental immunity provided for in section 1 of this act,* or

"(*c*) the payment of such claim or judgment has been specifically authorized by act of the legislature, or

"(*d*) such claim is based upon a judgment rendered prior to the effective date of this act." (Emphasis added.)

By this enactment the legislature, in its wisdom, has expressed the public policy of this state in the field of governmental immunity pertaining to the state and its various agencies. The legislature in clear and unambiguous language has declared the Kansas turnpike authority immune from liability on implied contract or for negligence or any other tort, which would include nuisance, except as provided by statute. The law as it now stands remains in harmony with our earlier turnpike cases, namely, that the authority is immune

from tort liability except to the extent such immunity is waived by statute. (K. S. A. 68-2015.)

Certainty and stability in the law are always desirable and in the long run best serve the bench, the bar and the citizens of the state. Now that the legislature has spoken in a comprehensive manner on the subject of immunity for the state and its agencies—something lacking at the time of *Carroll*—we believe sound judicial policy dictates that further inroads by this tribunal into the immunity doctrine as it relates to liability of the state is neither warranted nor justified. We therefore decline to engraft solely for plaintiff's benefit the nuisance exception to the immunity previously accorded the Kansas turnpike authority under our law as it existed prior to *Carroll*.

We hold that the trial court properly sustained defendant's motion to dismiss for the reason the authority was immune from liability for personal injuries resulting from the creation or maintenance of a nuisance as alleged in plaintiff's petition.

The judgment is affirmed.