The Honorable Barbara Allen State Representative, Twenty-First District Kansas Healthy Kids Corporation 109 S.W. 9th Street, Suite 410 Topeka, Kansas 66612-1215
Jolene Grabill Executive Director The Corporation for Change 700 S.W. Jackson, Suite 902 Topeka, Kansas 66603-3758
Dear Representative Allen and Director Grabill:
As vice-chairman of the board of directors of the Kansas healthy kids corporation and the executive director of the corporation for change, respectively, you request our opinion regarding applicability of the Kansas tort claims act to the members of the boards of directors of these two entities.
The Kansas tort claims act, K.S.A. 75-6101 et seq., operates as a limited waiver of the state's sovereign immunity. See Carpenter v.Johnson, 231 Kan. 783, 784 (1982). K.S.A. 75-6103 generally imposes liability on governmental entities for the negligent or wrongful acts or omissions of employees of those entities when they are acting within the scope of their employment. K.S.A. 1992 Supp. 75-6102 defines the terms "governmental entity" and "employee":
 "As used in K.S.A. 75-6101 through 75-6118, and amendments thereto, unless the context clearly requires otherwise:
 "(a) `State' means the state of Kansas and any department or branch of state government, or any agency, authority, institution or other instrumentality thereof.
. . . .
"(c) `Governmental entity' means state or municipality.
 "(d) `Employee' means any officer, employee, servant or member of a board, commission, committee, division, department, branch or council of a governmental entity, including elected or appointed officials and persons acting on behalf or in service of a governmental entity in any official capacity, whether with or without compensation. . . ." (Emphasis added).
The definition of employee in K.S.A. 1992 Supp. 75-6102(d) is broad enough to encompass members of the boards of directors and employees of the Kansas healthy kids corporation and the corporation for change, when acting on behalf of the respective corporation, if the corporations are deemed to be governmental entities.
The purpose of the Kansas healthy kids corporation is "to facilitate a program to bring preventive and primary care health services to children, . . . and to provide health insurance coverage to such children," K.S.A. 1992 Supp. 40-4402, while the purpose of the corporation for change is "to implement a comprehensive, coordinated strategy for investment in Kansas children and their families," K.S.A. 1992 Supp. 38-1802. The statute creating the Kansas healthy kids corporation provides in part:
 "(a) There is hereby created a body politic and corporate to be known as the Kansas healthy kids corporation. The Kansas healthy kids corporation is hereby constituted a public instrumentality and the exercise of the authority and powers conferred by this act shall be deemed and held to be the performance of an essential governmental function." K.S.A. 1992 Supp. 40-4403.
The statute creating the corporation for change is virtually identical to the above-quoted section [K.S.A. 1992 Supp. 38-1803(a)], as are the statutes creating Kansas, Inc. [K.S.A. 74-8001(a)], the Kansas technology enterprise corporation [K.S.A. 74-8101(a)] and the information network of Kansas [K.S.A. 74-9303(a)]. Thus, while these entities have the basic characteristics of private corporations, the legislature has determined that in the exercise of their statutory authorities and powers, they are to be deemed as performing governmental functions.
This office has previously opined that members of the boards of directors of the Kansas technical enterprise corporation (KTEC) and the information network of Kansas (INK) are covered by the provisions of the tort claims act. Attorney General Opinions No. 86-155, 92-104. In Opinion No. 86-155 it was found that the language of the statute creating KTEC was lifted from K.S.A. 68-2003, the statute creating the Kansas turnpike authority, and that the Kansas Supreme Court has held that the turnpike authority is "an arm or agency of the state, created by the legislature to perform an essential governmental function." See e.g.Woods v. Kansas Turnpike Authority, 205 Kan. 770 (1970), and cases cited therein. based on these foregoing Attorney General Opinions and the similarities between the KTEC, INK, corporation for change and Kansas healthy kids corporation, we believe the provisions of the Kansas tort claims act are applicable to the members of the board of directors of the corporation for change and healthy kids corporation.
However, we believe application of the tort claims act to the employees of these entities requires additional analysis. K.S.A. 1992 Supp. 40-4405
provides in part:
 "(a) All employees of Kansas healthy kids corporation shall be considered to be state employees and Kansas healthy kids corporation shall be considered to be a state agency for purposes of the laws and procedures governing the payroll accounting system for state agencies under K.S.A. 75-5501 et seq., the deferred compensation plan developed and approved for state employees under K.S.A. 75-5521 through 75-5529 and amendments thereto, the Kansas public employees retirement system, the employment security law, the workmen's compensation act, including the state workmen's compensation self-insurance fund as provided in K.S.A. 44-575 and 44-580 and amendments thereto, the state health care benefits program and remittances pursuant to the federal social security act, federal insurance compensation act and the federal internal revenue code. All employees of Kansas healthy kids corporation shall be considered to be state employees and Kansas healthy kids corporation shall be considered to be a state agency only for the purposes specified in this subsection.
. . . .
 "(c) Nothing in this act or the act of which it is amendatory shall be construed as placing any officer or employee of Kansas healthy kids corporation in the classified service or unclassified service under the Kansas civil service act." (Emphasis added).
The parallel provision for employees of the corporation for change is at K.S.A. 1992 Supp. . 38-1807. This language was also inserted into the statutes covering Kansas, Inc. and KTEC in 1987 (L. 1987, ch. 317, secs. 2, 5, now codified at K.S.A. 74-8012 and 74-8113), and those covering INK when it was created in 1990 (L. 1990, ch. 266, sec. 7, now codified at K.S.A. 74-9307). While arguably this language excepts employees of these entities from tort claims act coverage, we do not believe that was the legislature's intent. If these entities, and therefore employees of the entities while acting within the scope of their employment, are deemed to be performing essential governmental functions, they are entitled to protection under the tort claims act. It is therefore our opinion that employees of the Kansas healthy kids corporation and the corporation for change are covered by the Kansas tort claims act.
In conclusion, the provisions of the Kansas tort claims act are applicable to members of the boards of directors and employees of the Kansas healthy kids corporation and the corporation for change.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm